TODD A. PICKLES (SBN 215629)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
picklest@gtlaw.com

ROBERT H. BERNSTEIN *(pro hac vice forthcoming)*
GREENBERG TRAURIG, LLP
500 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 360-7900
Facsimile: (973) 295-1362
bernsteinrob@gtlaw.com

Attorneys for Defendant
HIOSSEN, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KEE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HIOSSEN, INC., a Pennsylvania Corporation; and DOES 1 through 50, inclusive, <br><br> Defendants, | CASE NO. **'19 CV 1440 WQHBLM** <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** <br><br> **[28 U.S.C. §§ 1332, 1441 and 1446]** <br><br> Removed from the Superior Court of the State of California Case No. 37-2019-00023035-CU-OE-CTL <br><br> State Court Action Filed: July 18, 2019 <br> Removal Filed: July 31, 2019 |

CASE NO.

NOTICE OF REMOVAL FROM STATE COURT

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant HIOSSEN, INC. ("Defendant"), hereby removes the above-captioned action, *Charles Kee, Individually and On Behalf of All Others Similarly Situated v. Hiossen, Inc., a Pennsylvania Corporation; and Does 1 To 50, Inclusive,* Case No. 37-2019-00023035-CU-OE-CTL (San Diego Superior Court) (the "Action") from the California Superior Court for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446.  Defendant hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) (emphasis added). Defendant will provide evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

## NATURE OF THE ACTION AND CLAIMS

1.    On May 3, 2019, Plaintiff Charles Kee ("Plaintiff") filed a Complaint in the Superior Court for the County of San Diego, captioned *Charles Kee, Individually and On Behalf of All Others Similarly Situated v. Hiossen, Inc., a Pennsylvania Corporation; and Does 1 To 50, Inclusive,* Case No. 37-2019-00023035-CU-OE-CTL.  On July 18, 2019, Plaintiff filed a First Amended Complaint in the Superior Court for the County of San Diego, captioned *Charles Kee, Individually and On Behalf of All Others Similarly Situated v. Hiossen, Inc., a Pennsylvania Corporation; and Does 1 To 50, Inclusive,* Case No. 37-2019-00023035-CU-OE-CTL.  Though an evidentiary showing does not accompany this removal pleading,[1] for ease of use we attach as Exhibit A the Complaint and First Amended Complaint allegedly served on Defendant HIOSSEN, INC. on July 18, 2019.

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). *See also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts,

2.    The Complaint asserts ten (10) counts against Defendant based on Plaintiff's conclusion that Defendant violated various provisions of the California Labor Code. Specifically, Charles Kee asserts the following claims against Defendant: (1) "Unlawful Non-Compete Agreement Against Public Policy (Cal. Bus. & Prof. Code 16600 and Cal. Labor Code §925;" (2) "Failure to Pay Accrued and Unused Vacation Pay (Cal. Labor Code §§ 201, 227.3);" (3) "Failure to Provide Accurate Itemized Wage Statements (Cal. Labor Code § 226);" (4) "Failure to Pay Earned Wages and Overtime Compensation (Cal. Labor Code §§ 204,210, 218, 510 and 1194);" (5) "Failure to Provide Meal Periods, Or Compensation in Lieu Thereof (Cal. Labor Code §§226.7 and 512);" (6) "Failure to Authorize and Permit Rest Periods, Or Compensation in Lieu Thereof (Cal. Labor Code § 226.7);" (7) "Failure to Reimburse Business Expenses (Cal. Labor Code §2802, and Cal. Code Regs. tit. 8 § 11040);" (8) Failure to Pay Compensation When Due at Time of Separation of Employment (Cal. Labor Code § § 201-203);" (9) Unlawful and Unfair Business Practices (Cal. Bus. & Prof. Code § 17200 *et seq*.;" and (10) Labor Code Private Attorneys General Act of 2004 (Labor Code § 2698 *et seq*." (*See* Ex. A, First Amended Complaint, at pp. 12, 13, 14, 15, 17, 19, 20, 21, and 23.)

3.    Defendant filed its Answer to Plaintiff's First Amended Complaint in the Superior Court of the State of California, San Diego, on July 31, 2019. A true and correct copy of the Answer is attached hereto as Exhibit B.

## STATEMENT OF JURISDICTION

4.    This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332, which grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states. . . ."  28 U.S.C. § 1332(a)(1).

---

in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 96-91 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

5.    Both requirements are satisfied here because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and (as explained below) complete diversity of citizenship exists between the parties.

## DIVERSITY JURISDICTION EXISTS BETWEEN THE PARTIES

6.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Gilbert v. David*, 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

7.    Plaintiff resides in the City of Vista, County of San Diego, State of California and, therefore, is a citizen of California (First Amended Complaint ¶ 9).

8.    For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *The Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).  A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id*.

9.    Defendant HIOSSEN is not a California citizen.  HIOSSEN is now, and at all times since the commencement of this action has been, a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in New Jersey.  HIOSSEN is not incorporated in California and does not have its principal place of business in California.  Accordingly, HIOSSEN is not a citizen of the State of California.

10.    As such, diversity exists between Defendant and Plaintiff pursuant to 28 U.S.C. § 1332.

11.    Doe defendants are disregarded when determining diversity jurisdiction for removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants

sued under fictitious names shall be disregarded"); *see Aguilar v. McKesson Corp.*, 2016 U.S. Dist. LEXIS 61342, at *5-6 (E.D. Cal. May 6, 2016) ("the citizenship of the unidentified Doe defendants is immaterial for determining diversity jurisdiction.").

12.    Because there is complete diversity between all parties, complete diversity exists for removal of this action to this federal Court.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

13.    While Defendant denies liability as to Plaintiff's claims, Defendant has a reasonable, good faith belief that the amount in controversy, as alleged and pled in this action by Plaintiff (Individually and On Behalf of All Others Similarly Situated), exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.  It is well-settled that in determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), a court should consider the aggregate value of claims for compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might recover" award of compensatory and punitive damages in excess of amount in controversy requirement); *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1031–32 (N.D. Cal. 2002) (aggregating claims for compensatory damages, punitive damages and attorneys' fees in determining amount in controversy).  Plaintiff's failure to specify the amount of damages sought does not deprive this Court of jurisdiction. *Id*.; *see also, White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D.W.Va. 1994) (defendant may remove suit to federal court notwithstanding plaintiff's failure to plead a specific dollar amount in controversy; if rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value on its claim").

14.    For damages, Plaintiff (Individually and On Behalf of All Others Similarly Situated) prays for compensatory damages, including but not limited to vested and unused vacation time, including paid time off, unpaid earned wages and unpaid overtime, monetary damages for failure to provide meal and rest periods, compensation and wages due at the time of separation of employment, reimbursement of unpaid expenses, penalties, interest on

unpaid wages, costs of suit and reasonable attorney's fees; and other such costs as the Court may deem just and proper. (First Amended Complaint, ¶¶ 43, 48, 56, 60, 64, 69, 73, 79, 83 and 84.)

15.     With respect to Plaintiff's claim for compensatory damages including but not limited to vested and unused vacation time, including paid time off, unpaid earned wages and unpaid overtime, monetary damages for failure to provide meal and rest periods, compensation and wages due at the time of separation of employment, Plaintiff seeks such damages for himself and a putative Class that allegedly exceeds 1,400 individuals, for the period beginning four years prior to the filing of the First Amended Complaint. (First Amended Complaint ¶¶ 25, 28).  Thus, Plaintiff's claim for compensatory damages alone likely exceeds $75,000.

16.     Plaintiff additionally seeks penalties for failure to provide itemized wage statements and civil penalties and underpaid wages for each Labor Code violation. (First Amended Complaint ¶¶ 48 and 83.)  Plaintiff also seeks restitution and disgorgement of all allegedly unlawfully earned profits. (First Amended Complaint ¶ 79).

17.     Plaintiff also seeks attorneys' fees. (First Amended Complaint ¶¶ 38, 56, 85 and the Prayer for Relief ¶ 7). If the plaintiff can recover attorneys' fees under statute or contract, they are included in calculating the amount in controversy. *Gall G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (holding that attorneys' fees are to be included in the amount in controversy if the action is brought under a statute that "mandates or allows" the recovery of fees). Here, Plaintiff brings claims under the California Labor Code which expressly authorizes an award of attorneys' fees to the prevailing party. CAL. GOV'T CODE § 12965(b). If this case were litigated through trial, Plaintiff's attorneys' fees alone could exceed $75,000.

18.     Because diversity of citizenship exists between the Plaintiff and Defendant, and the amount in controversy between them is in excess of $75,000, this Court has original jurisdiction of the action under 28 U.S.C. § 1332(a)(1), and removal is proper.

///

19.     Additionally, this Court has supplemental jurisdiction over the state law claims in this Action.  Pursuant to 28 U.S.C. § 1367(a): "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  That is clearly the case here, where all of Plaintiff's claims arise out of a common nucleus of operative facts.

## CONSENT OF OTHER DEFENDANTS

20.     "[A]ll defendants who have been joined and served," see 28 U.S.C. § 1446(b)(2)(A), consent to the removal of this Action.  Specifically, on information and belief, Defendant is the only named defendant that has been joined and served in this Action, or upon whom Plaintiff has attempted service.

## VENUE

21.     The instant Action was filed in the Superior Court of the State of California for the County of San Diego.  Venue properly lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1391(a), and 1441(a).

## SERVICE ON THE STATE COURT

22.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the San Diego County Superior Court.

## THE REMOVAL IS TIMELY

23.     Plaintiff served Defendant with the Summons and Complaint on or after July 18, 2019.  This removal is within 30 days of the earliest service of this Action on Defendant. This Removal is timely.

///

///

## NO ADMISSION

24.    By this filing, Defendant does not admit any liability, does not concede the accuracy of Plaintiff's allegations, and does not concede that Plaintiff is entitled to any of the relief sought in the First Amended Complaint, or any relief of any kind.

25.    By filing this notice, Defendant does not waive any defenses, including, but not limited to, jurisdictional defenses or defects in service of process, which may be available to it.

## CONCLUSION

For all of the foregoing reasons, the Action is hereby removed to this Court from the Superior Court of the State of California, County of San Diego.


Respectfully submitted,

Dated:  July 31, 2019                    GREENBERG TRAURIG, LLP


By:    /s/ Todd A. Pickles
          TODD A. PICKLES
          Attorneys for Defendant
          HIOSSEN, INC.

NOTICE OF REMOVAL FROM STATE COURT

# EXHIBIT A

BLANCHARD, KRASNER & FRENCH
David C. Hawkes; SBN: 224241
dhawkes@bkflaw.com
800 Silverado St., 2nd Floor
La Jolla, CA 92037
Telephone:    (858) 551-2440
Facsimile:    (858) 614-7008

LAW OFFICE OF DAVID A. HUCH
David A. Huch; SBN: 222892
david.a.huch@gmail.com
3281 E. Guasti Rd., Ste. 700
Ontario, CA  91761
Telephone:    (909) 212-7945
Facsimile:    (909) 614-7008

Attorneys for Plaintiff, CHARLES KEE

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/03/2019** at 03:19:51 PM

Clerk of the Superior Court
By Iris Tellez,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| **CHARLES KEE, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**HIOSSEN, INC., a Pennsylvania Corporation; and DOES 1 through 50, inclusive,**<br><br>**Defendants.** | Case No.  37-2019-00023035-CU-OE-CTL<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR COMPENSATORY DAMAGES, PENALTIES, RESTITUTION & INJUNCTIVE RELIEF:**<br><br>1.  **Unlawful Non-Compete Agreement Against Public (Cal. Bus. & Prof. Code § 16600 and Cal. Labor Code § 925)**<br>2.  **Failure to Pay Accrued and Unused Vacation Pay (Cal. Labor Code §§ 201, 227.3);**<br>3.  **Failure to Provide Accurate Itemized Wage Statements (Cal. Labor Code § 226);**<br>4.  **Failure to Pay Earned Wages and Overtime Compensation (Cal. Labor** |

- 1 -

)    Code §§ 204, 210, 218, 510 and 1194);
)  5. **Failure to Provide Meal Periods, Or**
)    **Compensation in Lieu Thereof**
)    **(Cal. Labor Code §§ 226.7 and 512);**
)  6. **Failure to Authorize and Permit Rest**
)    **Periods, Or Compensation in Lieu**
)    **Thereof (Cal. Labor Code § 226.7);**
)  7. **Failure to Reimburse Business Expenses**
)    **(Cal. Labor Code § 2802, and Cal. Code**
)    **Regs. tit. 8 § 11040)**
)  8. **Failure to Pay Compensation When Due**
)    **at Time of Separation of Employment**
)    **(Cal. Labor Code §§ 201-203); and**
)  9. **Unlawful and Unfair Business Practices**
)    **(Cal. Bus. & Prof. Code § 17200 et seq.)**
)
)
)    **JURY TRIAL DEMANDED**
)    **[Unlimited Civil Action]**
)
)

Plaintiff, CHARLES KEE, on his own behalf, all others similarly situated, and on behalf of the general public, allege causes of action against defendants, and each of them, as follows:

## GENERAL ALLEGATIONS

1.    This is a class action brought by Plaintiff CHARLES KEE ("Plaintiff") individually and on behalf of current and former employees of Defendant HIOSSEN, INC. and DOES 1 through 50 ("Defendants") in the State of California, as well as a subset of California-based sales employees, during the period of May 3, 2015 to the present ("Class Period").

2.    At all relevant times, Defendant HIOSSEN, INC., an out of state corporation based in New Jersey, has failed to comply with California's strict employee protection laws and regulations. Specifically, Plaintiff and other similarly situated employees in California have been subjected to unlawful Paid Time Off forfeiture, or "use it or lose it," policies and practices. Defendant HIOSSEN, INC.'s Paid Time Off policy specifically provides that although a HIOSSEN, INC. employee is entitled to accrue up to 72 hours of Paid Time Off each year, "Hiossen, Inc. will allow a maximum PTO carryover of 24 hours." It is well-settled in California that since Paid Time Off is to be treated as a form of wages, employers cannot implement "use it or

- 2 -

1  lose it" policies in which unused days of paid time off do not carryover from year to year or are

2  forfeited by a certain date. (*See Boothby v Atlas Mechanical, Inc.* (1992) 6 CA4th 1595; *DLSE*

3  *Opinion Letter* 1991.01.07).

4      3.      At all relevant times, Plaintiff and other similarly situated employees in California

5  have also been subjected to an unlawful Non-Compete Agreement, in which Defendants'

6  employees have been required to agree not to "[b]ecome employed by any business competitive

7  with the Company's business...for a period of twenty-four (24) months after termination..." It is

8  well-settled that California law prohibits non-competition agreements. *See Business & Professions*

9  *Code § 16600.*  In light of California's strong public policy against non-competition employment

10 agreements, the California Legislature amended the California Labor Code, effective Jan. 1, 2017,

11 to prohibit employers from even attempting to circumvent the protections set forth in *Bus. & Prof.*

12 *Code § 16600. See Labor Code § 925.*  Plaintiff therefore seeks an injunction enjoining such

13 conduct by Defendants in the future, restitution for the named Plaintiff and all members of the

14 proposed Classes, and all other appropriate relief.

15     4.      Additionally, at all relevant times, Plaintiff and other similarly situated sales

16 employees in California have been are misclassified as "exempt." As a result, Plaintiff and

17 Defendants' other sales employees work long hours and are not provided with meal and rest breaks,

18 without receiving any overtime compensation or compensation for missed meal and rest breaks

19 from Defendants.  Defendants therefore succeed in the California market by failing to comply with

20 state law and by failing to provide proper compensation to the hard-working employees who have

21 made its success possible.

22     5.      According to Defendants' written job descriptions and recruiting materials, at all

23 relevant times it has been Defendants' expectation that their Sales Representatives regularly and

24 customarily spend 50% or more of their work time in "a designated office location," while

25 "attending sales planning meetings under the direction of either the Branch Sales Manager or the

26 Regional Sales Manager."

27

28

- 3 -

6.    Consistent with Defendants' expectations of the job requirements of the sales representative position, at all relevant times Plaintiff and all of Defendants' current and former California-based sales representatives regularly and customarily worked less than 50% of their working time away from Defendants' place of business selling Defendants' products.

7.    The policies and practices of Defendants, as alleged herein, are unlawful, unfair and deceptive business practices whereby Defendants have retained wages due to Plaintiff and other similarly situated employees for all hours worked, including accrued Paid Time Off, overtime compensation, and all missed meal and rest periods. Defendants' unlawful, unfair and deceptive employment and wage practices cheat Plaintiff and other members of the proposed Classes out of their lawful compensation due, as required by California law. Plaintiff therefore seeks an injunction enjoining such conduct by Defendants in the future, restitution for the named Plaintiff and all members of the proposed Classes, and all other appropriate equitable relief.

8.    Defendants' retention of wages due to Plaintiff and other similarly situated employees for all hours worked, including accrued Paid Time Off, overtime compensation, and all missed meal and rest periods, also resulted in Defendants' intentional issuance of inaccurate wage statements to Plaintiff and other similarly situated employees, and willful failure to pay all wages due and owing to such employees at the time of separation of employment.

## IDENTIFICATION OF THE PARTIES

9.    Plaintiff CHARLES KEE is a competent adult who resides in the City of Vista, County of San Diego, State of California. From approximately July 2017 to November 2018, Plaintiff was employed by Defendants as a sales representative. While employed as a sales representative, Plaintiff was treated, and misclassified, by Defendants as an exempt employee.

10.    In November 2018, Plaintiff's employment as a sales representative for Defendants was terminated. During his employment, Plaintiff was misclassified as exempt pursuant to the "outside salesperson" exemption. Plaintiff was paid a salary of $50,000 per year. During his employment, Plaintiff regularly worked in excess of eight hours per day; and, approximately one weekend per month, Plaintiff was required to work both weekend days at "educational seminars."

- 4 -

These seminars took place at Defendants' office locations. Initially, Plaintiff was credited with one day of PTO (vacation) for each two days worked at these seminars. Later, Plaintiff was credited with two days of PTO (vacation) for each weekend he was required to work educational seminar weekend. However, these PTO (vacation) days credited to Plaintiff were "use it or lose it" and void if not used within one or two weeks. Plaintiff was unable to use at least half of these PTO (vacation) days and, thus, they "expired." As explained herein, "use it or lose it" vacation policy is illegal in California. Accordingly, Defendants failed to pay Plaintiff all wages due and owing, including, but not limited to, his accrued and unused Paid Time Off, upon his termination.

11.    Plaintiff is informed and believes, and thereon alleges, that Defendant HIOSSEN, INC. is a Pennsylvania corporation with its principal place of business in Englewood Cliffs, New Jersey. According to Defendants' website, www.hiossen.com, HIOSSEN, INC. is "one of the top five dental implant companies in the world," which manufacturers and sells dental equipment, pharmaceuticals and implants directly to dental professionals.

12.    According to Defendants' website, www.hiossen.com, Defendants' sales workforce is staffed at "direct sales offices throughout major U.S. cities," including numerous locations throughout California.

13.    At all times mentioned herein, Defendant HIOSSEN, INC. has been doing business in the State of California through its operation of numerous direct sales office locations in California, including in Los Angeles, San Diego, Sacramento, San Gabriel, San Francisco, San Jose and Northridge, California.

14.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times Defendant HIOSSEN, INC. has employed Plaintiff and the members of the proposed Classes, and exercised control over Plaintiff's and the proposed Class members' wages, hours and working conditions.

15.    Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations when the same have

- 5 -

**CLASS ACTION COMPLAINT FOR COMPENSATORY DAMAGES,
PENALTIES, RESTITUTION & INJUNCTIVE RELIEF**

been ascertained.

16.   Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained.

17.   Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, all Defendants, and each of them, were acting as the agent and/or employee of each remaining co-defendant, and were acting with permission and consent of each other, and within the course and scope of said agency and/or employment. Plaintiff is further informed and believes that each co-defendant, by and through its officers, directors or managing agents, ratified, authorized and approved, expressly or implicitly, all of the conduct alleged herein.

18.   When in this Complaint reference is made to any act of the "Defendants," such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendants named in this lawsuit committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendants and did so while acting within the scope of their employment or agency.

19.   When in this Complaint reference is made to any act by a "Defendant" or "Defendants," such allegations and reference shall also be deemed to mean the acts and failures to act of each of the named Defendants acting individually, jointly and severally.

### JURISDICTION AND VENUE

20.   Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs

21.   This Court has jurisdiction over all causes of action asserted herein pursuant to California Constitution, Article VI, Sec. 10, because this case is a cause not given by statute to other trial courts.

– 6 –

**CLASS ACTION COMPLAINT FOR COMPENSATORY DAMAGES, PENALTIES, RESTITUTION & INJUNCTIVE RELIEF**

22.    This Court has jurisdiction over Defendants because each co-defendant is a corporation, limited liability company or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avail itself of the California market through its operation of numerous direct sales office locations in California, to render the exercise of jurisdiction by the California courts consistent with traditional notions of fair play and substantial justice

23.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395.  Defendants' actionable and unlawful employment practices as to Plaintiff and numerous other employees occurred at numerous office locations in the County of San Diego, State of California.

## CLASS ACTION ALLEGATIONS

24.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

25.    Plaintiff brings this suit as a class action pursuant to California Code of Civil Procedure § 382 on behalf of himself and all individuals who are or previously were employed by Defendants in the State of California.  The class period applicable to the Classes is defined as the period beginning four years prior to the filing of this Complaint and ending on the date as determined by the Court.  As a matter of company policy and practice, Defendants have subjected these employees to unlawful Paid Time Off forfeiture policies and practices, as well as unlawful non-compete agreements.

26.    Plaintiff also brings this class action on behalf of himself and a proposed subclass of all individuals who are or previously were employed by Defendants as sales representatives in the State of California.  As a matter of company policy and practice, Defendants have failed to pay the required straight time and overtime compensation due to these employees for all hours worked, have failed to provide state-mandated meal periods and rest periods to such employees, and have otherwise failed to comply with all labor laws and regulations with respect to such employees.

– 7 –

27.     The putative class and subclass Plaintiff will seek to certify is currently composed of and defined as follows:

   a.  **All current and former California-based employees who were employed by HIOSSEN, INC. between May 3, 2015 and the present (hereinafter, the "CLASS").**

   b.  **All former California-based employees who separated their employment with HIOSSEN, INC. between May 3, 2015 and the present (hereinafter, the "FORMER EMPLOYEE SUBCLASS").**

   c.  **All current and former California-based sales employees who were employed by HIOSSEN, INC. between May 3, 2015 and the present (hereinafter, the "SALES EMPLOYEE SUBCLASS").**

28.     <u>Numerosity</u>: The potential number of members of the CLASS and SUBCLASSES as defined is so numerous that joinder of all members would be unfeasible and unpractical. The disposition of their claims through this class action will benefit both the parties and this Court. The quantity of members of the CLASS and SUBCLASSES is currently unknown to Plaintiff; however, it is estimated that there are at least 750 members in the CLASS; at least 400 members in the FORMER EMPLOYEE SUBCLASS; and at least 250 members in the SALES EMPLOYEE SUBCLASS. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' employment records, which Defendants are required to maintain under California law.

29.     <u>Typicality</u>: The claims of Plaintiff are typical of the claims of all members of the CLASSES and SUBCLASSES mentioned herein because all members of the CLASS and SUBCLASSES sustained injuries and damages arising out of Defendants' common course of conduct in violation of California wage and hour law, and the injuries and damages of all members of the CLASS and SUBCLASSES were caused by Defendants' wrongful conduct in violation of California statutory and regulatory law, as alleged herein.

30.     <u>Adequacy</u>:    Plaintiff is an adequate representative of the CLASS and SUBCLASSES and will fairly protect the interests of the members of the CLASS and SUBCLASSES, and has no interests antagonistic to the members of the CLASSES and

- 8 -

SUBCLASSES, and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. The Class Representatives Plaintiff understands that he assumes a fiduciary responsibility to the CLASS and SUBCLASSES to represent their interests fairly and adequately. Plaintiff recognizes that he must represent and consider the interests of the CLASS and SUBCLASSES just as he would represent and consider their own interests. Plaintiff understands that when making decisions regarding the conduct of the litigation and possible settlement, he must not favor his own individual interest over the interests of the CLASS and SUBCLASSES as a whole. Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

31.    Superiority.    The nature of this action and the nature of the laws available to Plaintiff make the use of the class action format a particularly effective and appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein:

This case involves large corporate Defendants and a large number of individual class members with common issues of law and fact.

a.    If each individual member of the CLASS was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the CLASS and SUCLASSES with Defendants' vastly superior financial and legal resources.

b.    Requiring each individual member of the CLASS and SUCLASSES to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the CLASS and SUCLASSES who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well being;

- 9 -

c.    Proof of a common business practice or factual pattern, of which the members of the CLASS and SUBCLASSES experienced, is representative of the CLASS and SUBCLASSES herein and will establish the right of each of the members of CLASS and SUBCLASSES to recover on the causes of action alleged herein; and

d.    The prosecution of separate actions by the individual members of the CLASS and SUCLASSES, even if possible, would create a substantial risk of inconsistent and varying verdicts or adjudications with respect to the individual members of the CLASS and SUCLASSES against Defendants, which would establish potentially incompatible standards of conduct for Defendants and/or legal determinations with respect to individual members of the CLASS and SUCLASSES.

Existence and Predominance of Common Questions of Fact and Law:

32.    There are common questions of fact and law as to the members of the CLASS, which predominate over questions affecting only individual members of the CLASS including, without limitation:

a.    Whether Defendants subjected the members of the CLASS to unlawful Paid Time Off forfeiture, or "use or lose it," policies and practices, and whether such policies and practices violate Labor Code § 227.3;

b.    Whether Defendants subjected the members of the CLASS to unlawful employment non-compete agreements, and whether such agreements violate Bus. & Prof. Code § 16600;

c.    Whether the recorded Paid Time Off hours of the members of the CLASS were unlawfully reduced by Defendants;

d.    Whether the members of the CLASS were paid wages for all hours worked;

e.    Whether Defendants knowingly and intentionally failed to furnish accurate, itemized wage statements to members of the CLASS;

– 10 –

f.   Whether Defendants paid all wages due and owing to members of the FORMER EMPLOYEE SUBCLASS at the time of separation of employment, in accordance with Labor Code §§ 201-203;

g.   Whether Defendants required and failed to reimburse members of the SALES EMPLOYEE SUBCLASS for necessary expenses or losses incurred in direct consequence to the discharge of their duties while employed by Defendants, in violation of § 2802;

h.   Whether Defendants misclassified the members of the SALES EMPLOYEE SUBCLASS as exempt from overtime compensation and meal and rest period compensation;

i.   Whether the members of the SALES EMPLOYEE SUBCLASS CLASS were expected, required, permitted and/or suffered to work overtime hours on a regular basis;

j.   Whether the members of the SALES EMPLOYEE SUBCLASS were paid overtime compensation in accordance with California statutory and regulatory law

k.   Whether the members of the SALES EMPLOYEE SUBCLASS were provided with uninterrupted 30-minute meal periods within the first five hours of daily work periods lasting longer than six hours;

l.   Whether the members of the SALES EMPLOYEE SUBCLASS were provided with a second uninterrupted 30-minute meal period within the first ten hours of daily work periods lasting longer than twelve hours;

m.   Whether Defendants have failed to keep accurate time records showing when members of the SALES EMPLOYEE SUBCLASS begin and end each meal periods;

n.   Whether the members of the SALES EMPLOYEE SUBCLASS were provided with 10-minute rest periods during every four hour period, or major fraction thereof;

o.   Whether Defendants have provided wage compensation to the members of the

- 11 -

SALES EMPLOYEE SUBCLASS for work shifts in which meal periods and/or rest periods were not provided;

p.  Whether Defendants required members of the SALES EMPLOYEE SUBCLASS to work through their meal periods and rest periods;

q.  Whether Defendants' conduct constituted unfair or unlawful business practices within the meaning of Business & Professions Code § 17200 *et seq.*;

r.  Whether the members of the CLASS and SUBCLASSES are entitled to compensatory damages, and if so, the means of measuring such damages;

s.  Whether the members of the CLASS and SUBCLASSES are entitled to injunctive relief;

t.  Whether the members of the CLASS and SUBCLASSES are entitled to restitution;

u.  Whether the members of the CLASS and SUBCLASSES are entitled to disgorgement of profits;

v.  Whether the members of the FORMER EMPLOYEE SUBCLASS are entitled to "waiting time penalties;"

w.  Whether Defendants are liable for pre-judgment interest; and

x.  Whether Defendants are liable for attorneys' fees and costs.

**FIRST CAUSE OF ACTION**
*Unlawful Non-Compete Agreement Against Public Policy*
**(Cal B&P Code § 16600; Cal Labor Code § 925)**

(On Behalf of Plaintiff and the CLASS)

33.  Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

34.  California Business and Professions Code section 16600 states: "Every contract by which anyone interested is restrained from engaging in a lawful profession, trade or business of any kind is to that extent void."

35.  The California Supreme Court has specifically recognized that California Business

– 12 –

and Professions Code section 16600 "represents a strong public policy of the state." *Edwards v. Arthur Anderson LLP* (2008) 44 Cal.4th 937, 950. This fundamental public policy against non-compete provisions is so strong that California law prohibits even narrow restraints on an employee's ability to practice his or her profession. *Id.*, at pp. 949-950.

36.    California Labor Code section 925(a) provides that a California employee shall not be required to agree to a provision that would deprive the employee of the substantive protection of California law.  Section 925(b) provides that any provision of a contract that violates subdivision (a) is voidable by the employee.

37.    Defendants' above-described conduct including, without limitation, subjecting its California-based employees, including Plaintiff and the CLASS, to unlawful non-compete agreements in violation of Cal. Bus. & Prof. Code §16600, constitutes a clear violation of Labor Code section 925.

38.    Pursuant to Labor Code section 925(c), Plaintiff seeks an injunction enjoining such conduct by Defendants in the future; an Order requiring Defendants to notify all members of the CLASS that all non-compete clauses previously communicated and disseminated to the members of the CLASS are null and void; restitution to the named Plaintiff and all members of the CLASS; reasonable attorneys fees and litigation expenses; and all other appropriate relief.

## SECOND CAUSE OF ACTION
*Failure to Pay Accrued and Unused Paid Time Off*
**(California Labor Code §227.3)**

(On Behalf of Plaintiff and the CLASS)

39.    Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

40.    California Labor Code section 227.3 requires an employer that provides paid vacation, including Paid Time Off, to an employee to pay to the employee all vested and unused Paid Time Off as wages upon the employee's termination. Pursuant to California Labor Code section 201, such wages must be paid immediately at the time of discharge.

41.    Defendants terminated Plaintiff's employment during January 2019. At the time of

- 13 -

his employment, Plaintiff had accrued significant Paid Time Off, which he had not yet used as direct and proximate result of Defendants' unlawful forfeiture, or "use it or lose it," policies and practices, as described herein.

42.    Defendants did not pay Plaintiff all of his vested and unused vacation as wages immediately upon his termination.

43.    Defendant is liable to Plaintiff and the members of the CLASS for payment of all vested and unused vacation time, including Paid Time Off, paid at Plaintiff's and the members of the CLASS' regular rates of pay as of the date of termination, plus interest, and reinstatement of any forfeited Paid Time Off resulting from the improper use it or lose it policy.

### THIRD CAUSE OF ACTION
*Failure to Provide Accurate Itemized Wage Statements*
**(Labor Code §§ 226 and 226.3; Cal. Code Regs., Title 8 § 11040 section 7)**

(On Behalf of Plaintiff, the CLASS and the SALES EMPLOYEE SUBCLASS)

44.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

45.    Labor Code Section 226 requires an employer to keep accurate, itemized pay statements.  Under California law, gross wages earned, the precise, actual number of hours and minutes worked by a non-exempt employee, all deductions, net wages earned, inclusive dates of the pay period, the name of the employee, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period must be accurately itemized on each pay statement.

46.    During the applicable statutory period, Defendants routinely failed to provide the members of the CLASS and SALES EMPLOYEE SUBCLASS, including Plaintiff, at the time of each payment of wages, an accurate itemized statement in writing showing the requirements of Labor Code § 226 and section 7 of Title 8 CCR § 11040. Defendants' failure to provide accurate itemized wage statements to the members of the CLASS and SALES EMPLOYEE SUBCLASS, including Plaintiff, has been the intentional result of Defendants' unlawful polices and practices, including, but not limited to, Defendants' vacation and Paid Time Off forfeiture, or "use it or lose

– 14 –

it," policies and practices; Defendants' deliberate misclassification of the members of the SALES EMPLOYEE SUBCLASS as exempt; Defendants' manipulation of Plaintiff's and CLASS members' time records and Defendants' refusal to institute a system for accurately recording hours worked by Plaintiff and the members of the CLASS and SALES EMPLOYEE SUBCLASS. Defendants' failure to provide accurate itemized wage statements to members of the CLASS and SALES EMPLOYEE SUBCLASS, including Plaintiff, has been knowing and intentional, and was in clear violation of Labor Code § 226(a).

47.    The members of the CLASS and SALES EMPLOYEE SUBCLASS, including Plaintiff, have suffered injuries as a result of the knowing and intentional failure of Defendants to comply with Labor Code § 226(a) and Title 8 CCR § 11040(7), in that Defendants' failure to provide Plaintiff and CLASS Members and SALES EMPLOYEE SUBLCASS Members with accurate itemized wage statements made it impossible for Plaintiff and the members of the CLASS and SALES EMPLOYEE SUBLCASS to know whether they were being paid all earned vacation and Paid Time Off wages, all overtime wages, all premium pay for missed meal and rest periods, as well as whether they were being paid for all hours worked.

48.    Defendants' knowing and intentional failure to furnish the members of the CLASS and SALES EMPLOYEE SUBLCASS with accurate itemized wage statements, as alleged above, violated Labor Code § 226(a), as well as Title 8 CCR § 11040(7). Labor Code § 226(e) entitles Plaintiff and the members of the CLASS and SALES EMPLOYEE SUBLCASS to recover the greater of their actual damages caused by Defendants' violations, or $50 per employee for the initial pay period in which the violation occurred, and $100 per employee for each violation in subsequent pay periods, not exceeding an aggregate penalty of $4,000 per employee.

**FOURTH CAUSE OF ACTION**
*Failure to Pay Earned Wages and Overtime Compensation*
**(California Labor Code §§ 204, 210, 510 & 1194)**

(On Behalf of Plaintiff and the SALES EMPLOYEE SUBCLASS)

49.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

– 15 –

**CLASS ACTION COMPLAINT FOR COMPENSATORY DAMAGES,
PENALTIES, RESTITUTION & INJUNCTIVE RELIEF**

50.    Cal. Labor Code § 204 requires employers to pay employees for all hours worked as follows: "all wages…earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Cal. Labor Code § 510 further provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

51.    Cal. Labor Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with costs of suit and statutory attorneys fees.

52.    Plaintiff further alleges that throughout the Class Period all members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, have been classified by Defendants as exempt employees.

53.    Plaintiff alleges that while he was employed as a sales representative by Defendants, he was, in fact, not exempt from overtime pay requirements under California law. Defendants have therefore misclassified Plaintiff and all other members of the SALES EMPLOYEE SUBLCASS as exempt from overtime compensation and consequently failed to pay Plaintiff and the members of the SALES EMPLOYEE SUBLCASS all wages owed, including overtime compensation, in violation of Labor Code §§ 204, 510 & 1194 and the California Code of Regulations.

54.    Plaintiff alleges, on the basis of information and belief, that at all relevant times Defendants have continuously engaged in the regular practice of requiring, suffering or permitting members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, to accrue work hours but Defendants have unlawfully failed to pay earned wages, including overtime compensation, to SALES EMPLOYEE SUBLCASS members, including Plaintiff, for all hours worked in violation of Labor Code §§ 204, 510 & 1194 and applicable Industrial Welfare Commission requirements.

55.    Plaintiff further alleges that at all relevant times Defendants have continuously engaged in the regular practice of requiring, suffering or permitting members of the SALES

- 16 -

EMPLOYEE SUBLCASS, including Plaintiff, to work hours in excess of eight hours per day and/or 40 hours per week.  Despite SALES EMPLOYEE SUBLCASS members and Plaintiff regularly working hours in excess of eight hours per day and/or 40 hours per week, Defendants have unlawfully failed to pay overtime compensation to SALES EMPLOYEE SUBLCASS members, including Plaintiff, for all overtime hours worked in violation of Labor Code § 510 and applicable Industrial Welfare Commission requirements.

56.    As a result of the actions of Defendants in failing and/or refusing to pay earned wages and overtime compensation, members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were damaged by not receiving all wages owed and by not receiving overtime compensation which they should have received, but did not receive.  Defendants have known or should have known that Plaintiff and members of the SALES EMPLOYEE SUBLCASS have accrued work hours, including overtime hours, for which Plaintiff and members of the SALES EMPLOYEE SUBLCASS have not been compensated.  Defendants systemically elected, either through intentional malfeasance or gross nonfeasance, not to pay Plaintiff and members of the SALES EMPLOYEE SUBLCASS for their labor as a matter of uniform corporate policy, practice and procedure. Members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, are therefore entitled to compensation in an amount to be proven at trial for unpaid earned wages, unpaid overtime compensation, pre-judgment interest, attorneys' fees and costs pursuant to Labor Code section 218.5 and 1194.

### FIFTH CAUSE OF ACTION
*Failure to Provide 30-Minute Employee Meal Period*
**(California Labor Code §§ 226.7 & 512)**

(On Behalf of Plaintiff and the SALES EMPLOYEE SUBCLASS)

57.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

58.    Plaintiff alleges, on the basis of information and belief, that within each of the four years prior to the commencement of this action, Defendants have promulgated and enforced policies under which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff,

- 17 -

regularly worked more than five hours in a daily work period lasting longer than six hours without being provided with an uninterrupted, thirty-minute meal period during which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were relieved of all of their respective work duties, or under which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were not provided with a thirty-minute meal period during the first five hours of their work shifts. Defendants have also promulgated and enforced policies under which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, regularly worked more than ten hours in a daily work period lasting longer than twelve hours without being provided with a second uninterrupted, thirty-minute meal period during which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were relieved of all of their respective work duties, or under which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were not provided with a second thirty-minute meal period during the first ten hours of their work shifts.   Defendants have also otherwise failed to provide SALES EMPLOYEE SUBLCASS members with state-mandated meal periods, including requiring SALES EMPLOYEE SUBLCASS members to take unlawful "on duty" meal periods.

59.    All members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, are entitled to additional wages pursuant to California Labor Code Section 226.7 for each daily work period lasting more than six hours during which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were not provided with an uninterrupted, thirty minute meal period, or during which members of the SALES EMPLOYEE SUBLCASS were not provided with an uninterrupted thirty-minute meal period during the first five hours of their work shifts. Members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, are also entitled to additional wages pursuant to California Labor Code Section 226.7 for each daily work period lasting more than twelve hours during which members of the CLASS, including Plaintiff, were not provided with a second uninterrupted, thirty minute meal period, or during which members of the SALES EMPLOYEE SUBLCASS were not provided with a second uninterrupted thirty-minute meal period during the first ten hours of their work shifts.

60.    As a result of Defendants' conduct as alleged herein, members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, have suffered harm and monetary damages, in an amount to be ascertained at trial.

### SIXTH CAUSE OF ACTION
*Failure to Authorize and Permit 10-Minute Employee Rest Periods*
**(California Labor Code §§ 226.7)**

(On Behalf of Plaintiff and the SALES EMPLOYEE SUBCLASS)

61.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

62.    Plaintiff alleges, on the basis of information and belief, that during all relevant times, Defendants have promulgated and enforced policies under which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, have regularly worked more than four hours per day without being authorized and permitted to take one or more paid rest periods of at least ten minutes for each four hours of work time, or major fraction thereof, during which the members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were relieved of all of their respective work duties.

63.    Defendants have adopted and maintained uniform corporate rest period policies and procedures that violate California law, including the applicable Industrial Welfare Commission Wage Order. Defendants have failed to authorize and permit members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, to take ten-minute rest periods every four hours or major fraction thereof. Defendants have failed to authorize and permit Plaintiff and the other members of the SALES EMPLOYEE SUBLCASS to take 10 minutes' rest during shifts lasting more than three and one-half hours to six hours in length, 20 minutes' rest during shifts lasting more than six hours up to 10 hours in length, and 30 minutes' rest during shifts lasting more than 10 hours up to 14 hours in length.

64.    Plaintiff alleges that members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, have suffered harm and monetary damages, in an amount to be ascertained at trial. Plaintiff and the other members of the SALES EMPLOYEE SUBLCASS and are entitled to

- 19 -

additional wages pursuant to California Labor Code Section 226.7 for each four hour work period, or major fraction thereof, during which members of the CLASS were not permitted and authorized to take one or more ten minute rest periods.

## SEVENTH CAUSE OF ACTION
### *Failure to Reimburse Business Expenses*
**(California Labor Code § 2802)**

(On Behalf of Plaintiff and the SALES EMPLOYEE SUBCLASS)

65.    California Labor Code § 2802 requires an employer to reimburse employees for all reasonable employment-related expenses incurred in performing their duties.

66.    Plaintiff alleges that he and all other members of the SALES EMPLOYEE SUBCLASS were required to use their personal vehicle, cell phone, and to incur additional expenses associated with their work for Defendants.

67.    Plaintiff alleges that SALES EMPLOYEE SUBCLASS members', including Plaintiff's, monthly necessary and reasonable business expenses far exceeded the amount of reimbursement by Defendants.

68.    During all relevant times, Defendants failed to indemnify Plaintiff and members of the SALES EMPLOYEE SUBCLASS for their expenses related to the use of their personal vehicles and cell phones directly related to performing their work duties for Defendants.

69.    As a direct and proximate result of the conduct described herein, Plaintiff and the members of the SALES EMPLOYEE SUBCLASS are entitled to reimbursement of their employment-related expenses, plus prejudgment interest, pursuant to California Labor Code § 2802.

## EIGHTH CAUSE OF ACTION
### *Failure to Pay Compensation When Due at Time of Separation of Employment*
**(Labor Code §§ 201-203)**

(On Behalf of Plaintiff and the FORMER EMPLOYEE SUBCLASS)

70.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

71.    California Labor Code Section 201 requires an employer who discharges an

– 20 –

employee to pay compensation due and owing said employee immediately upon discharge. California Labor Code Section 202 requires an employer to promptly pay compensation due and owing an employee within 72 hours of that employee's separation of employment by resignation. California Labor Code Section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation as required pursuant to California Labor Code Sections 201 and 202, said employer is liable to said employee for waiting time penalties.

72.    Plaintiff alleges, on the basis of information and belief, that Defendants have willfully failed and have refused to pay all compensation and wages due and owing, including vacation wages and Paid Time Off, straight time wages, overtime pay, and/or premium payment for failure to provide meal periods and failure to authorize and permit rest periods, to members of the FORMER EMPLOYEE SUBCLASS, including Plaintiff, upon their separation of employment.

73.    Defendants' failure to timely pay compensation and wages to members of the FORMER EMPLOYEE SUBCLASS, including Plaintiff, at the time of their separation of employment has been willful.  As a result, Defendants are liable to members of the FORMER EMPLOYEE SUBCLASS, including Plaintiff, for "waiting time penalties" under California Labor Code Section 203, in an amount to be ascertained at trial.

### NINTH CAUSE OF ACTION
*Unlawful and Unfair Business Practices*
**(Business & Professions Code §§ 17200 *et seq.*)**

(On behalf of Plaintiff and the CLASS and SALES EMPLOYEE SUBCLASS)

74.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

75.    Within each of the four years prior to the commencement of this action, Plaintiff is informed and believes, and thereon alleges, that Defendants have unlawfully failed to pay all vested vacation and Paid Time Off to the members of the CLASS, including Plaintiff; failed to pay all hourly wages and overtime wages to members of the SALES EMPLOYEE SUBCLASS, including Plaintiff, in violation of Labor Code §§ 204, 218, 510 and 1194; unlawfully failed to provide meal periods, or compensation in lieu thereof, to members of the SALES EMPLOYEE

- 21 -

SUBCLASS, including Plaintiff, in violation of Labor Code §§ 226.7 and 512; and unlawfully failed to authorize and permit rest periods, or compensation in lieu thereof, to the members of the SALES EMPLOYEE SUBCLASS, including Plaintiff, in violation of Labor Code § 226.7.

76.    Defendants' above-described constitutes unfair competition including, without limitation, unlawful, unfair and fraudulent business acts or practices in violation of California Business Professions Code § 17200.

77.    By committing the alleged acts and/or omissions as described in this Complaint, Defendants have engaged, and continue to engage, in unlawful and/or unfair business practices within the meaning of California Business & Professions Code § 17200 *et seq.*

78.    Plaintiff alleges, on the basis of information and belief, that by and through Defendants' alleged acts and/or omissions as described in this Complaint, Defendants have obtained valuable property, money, and services from Plaintiff and members of the CLASS and SALES EMPLOYEE SUBCLASS, have deprived Plaintiff and members of the CLASS and SALES EMPLOYEE SUBCLASS of valuable rights and benefits guaranteed by law and contract, all to Plaintiff's and CLASS members' and SALES EMPLOYEE SUBCLASS members' detriment and to the benefit of Defendants.

79.    A request for injunctive relief, restitution and for the disgorgement of unlawfully earned profits is specifically authorized by California Business & Professions Code § 17200 *et seq.* Thus, on behalf of Plaintiff and members of the CLASS and SALES EMPLOYEE SUBCLASS, and on behalf of the general public, Plaintiff seeks injunctive relief (including, without limitation, reinstatement of any forfeited Paid Time Off resulting from the improper use it or lose it PTO policy), restitution (to members of the CLASS and SALES EMPLOYEE SUBCLASS) of all unlawfully withheld funds, and the disgorgement of all unlawfully earned profits (to members of the CLASS and SALES EMPLOYEE SUBCLASS) obtained by Defendants as a result of Defendants' alleged unlawful and unfair acts and/or omissions described in this Complaint.

80.    Plaintiff is informed and believes, and thereon alleges, that unless restrained and ordered to pay restitution and disgorge profits derived from these unlawful and unfair employment

- 22 -

practices, Defendants will continue to engage in the unlawful and unfair acts and/or omissions described in this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf, and on behalf of all others similarly situated, prays for judgment as follows:

1.  That the Court issue an Order certifying the CLASS, SALES EMPLOYEE SUBCLASS and FORMER EMPLOYEE SUBCLASS, appointing the named Plaintiff as representative of all others similarly situated and appointing the law firms representing the named Plaintiff, Blanchard, Krasner and French and the Law Office of David A. Huch, as counsel for members of the CLASS, SALES EMPLOYEE SUBCLASS and FORMER EMPLOYEE SUBCLASS;

2.  For compensatory damages according to proof to Plaintiff and the members of the CLASS and SALES EMPLOYEE SUBCLASS;

3.  For prejudgment interest at the legal rate pursuant to Civil Code §§ 3287, 3288 & 3289, and any other legal rate that may be applicable to Plaintiff's causes of action;

4.  For an Order compelling Defendants to restore unpaid wages, expenditures, losses, income and other related benefits (in the form of restitution), as well as reinstatement of any forfeited Paid Time Off, to each of the members of the CLASS and SALES EMPLOYEE SUBCLASS who have suffered as a result of Defendants' unlawful and unfair employment practices alleged herein;

5.  For an order compelling Defendants to disgorge and pay over to Plaintiff and the members of the CLASS and SALES EMPLOYEE SUBCLASS all profits and savings resulting from Defendants' unlawful and unfair business practices alleged herein;

6.  For issuance of a permanent injunction enjoining Defendants, and each of them, from continuing to engage in the unlawful and unfair business practices alleged herein, including, but not limited to, all violations of Labor Code section 925;

7.  For attorneys' fees and litigation expenses pursuant to all applicable statutes,

- 23 -

including Labor Code sections 218.5, 226, 925, 1194 and 2802, and as otherwise permitted by law;

8.    For waiting time penalties pursuant to Labor Code sections 201-203; and

9.    For such other and further relief as the court deems just and proper;

DATED:  May 3, 2019                     BLANCHARD, KRASNER & FRENCH

                                        DAVID C. HAWKES

                                        Attorneys for Plaintiff CHARLES KEE, Individually,
                                        on behalf of all others similarly situated, on behalf of
                                        the general public.


                                        LAW OFFICE OF DAVID A. HUCH
                                        David A. Huch; SBN: 222892
                                        david.a.huch@gmail.com
                                        3281 E. Guasti Rd., Ste. 700
                                        Ontario, CA  91761
                                        Telephone:    (909) 212-7945
                                        Facsimile:    (909) 614-7008

- 24 -

**CLASS ACTION COMPLAINT FOR COMPENSATORY DAMAGES,
PENALTIES, RESTITUTION & INJUNCTIVE RELIEF**

# EXHIBIT B

1  BLANCHARD, KRASNER & FRENCH
   David C. Hawkes; SBN: 224241
2  dhawkes@bkflaw.com
   800 Silverado St., 2nd Floor
3  La Jolla, CA 92037
   Telephone:    (858) 551-2440
4  Facsimile:    (858) 614-7008

5
   LAW OFFICE OF DAVID A. HUCH
6  David A. Huch; SBN: 222892
   david.a.huch@gmail.com
7  3281 E. Guasti Rd., Ste. 700
   Ontario, CA  91761
8  Telephone:    (909) 212-7945
   Facsimile:    (909) 614-7008
9

10 Attorneys for Plaintiff, CHARLES KEE

11

12           SUPERIOR COURT OF THE STATE OF CALIFORNIA

13             IN AND FOR THE COUNTY OF SAN DIEGO

14

15 CHARLES KEE, Individually and On      )  Case No. 37-2019-00023035-CU-OE-CTL
   Behalf of All Others Similarly Situated,  )
16                                       )  __CLASS ACTION__
                                         )
17            Plaintiffs,                )
                                         )  FIRST AMENDED COMPLAINT FOR
18 v.                                    )  COMPENSATORY DAMAGES,
                                         )  PENALTIES, RESTITUTION,
19                                       )  INJUNCTIVE RELIEF & CIVIL
   HIOSSEN, INC., a Pennsylvania        )  PENALTIES
20 Corporation; and DOES 1 through 50,   )
   inclusive,                            )  1.  Unlawful Non-Compete Agreement
21                                       )      Against Public (Cal. Bus. & Prof. Code §
                                         )      16600 and Cal. Labor Code § 925)
22            Defendants.                )  2.  Failure to Pay Accrued and Unused
                                         )      Vacation Pay (Cal. Labor Code §§ 201,
23                                       )      227.3);
                                         )  3.  Failure to Provide Accurate Itemized
24                                       )      Wage Statements (Cal. Labor Code §
                                         )      226);
25                                       )  4.  Failure to Pay Earned Wages and
                                         )      Overtime Compensation (Cal. Labor
26                                       )      Code §§ 204, 210, 218, 510 and 1194);
27

28                                  -  1  -

__FIRST AMENDED COMPLAINT FOR COMPENSATORY DAMAGES,__
__PENALTIES, RESTITUTION, INJUNCTIVE RELIEF & CIVIL PENALTIES__

)    5. **Failure to Provide Meal Periods, Or**
)       **Compensation in Lieu Thereof**
)       **(Cal. Labor Code §§ 226.7 and 512);**
)    6. **Failure to Authorize and Permit Rest**
)       **Periods, Or Compensation in Lieu**
)       **Thereof (Cal. Labor Code § 226.7);**
)    7. **Failure to Reimburse Business Expenses**
)       **(Cal. Labor Code § 2802, and Cal. Code**
)       **Regs. tit. 8 § 11040)**
)    8. **Failure to Pay Compensation When Due**
)       **at Time of Separation of Employment**
)       **(Cal. Labor Code §§ 201-203);**
)    9. **Unlawful and Unfair Business Practices**
)       **(Cal. Bus. & Prof. Code § 17200 et seq.);**
)   10. **Labor Code Private Attorneys General**
)       **Act of 2004 (Labor Code § 2698 *et seq.*)**
)
)       **JURY TRIAL DEMANDED**
)       **[Unlimited Civil Action]**
)
)
_____ )

Plaintiff, CHARLES KEE, on his own behalf, all others similarly situated, and on behalf of the general public, allege causes of action against defendants, and each of them, as follows:

## GENERAL ALLEGATIONS

1.     This is a class action brought by Plaintiff CHARLES KEE ("Plaintiff") individually and on behalf of current and former employees of Defendant HIOSSEN, INC. and DOES 1 through 50 ("Defendants") in the State of California, as well as a subset of California-based sales employees, during the period of May 3, 2015 to the present ("Class Period").

2.     At all relevant times, Defendant HIOSSEN, INC., an out of state corporation based in New Jersey, has failed to comply with California's strict employee protection laws and regulations. Specifically, Plaintiff and other similarly situated employees in California have been subjected to unlawful Paid Time Off forfeiture, or "use it or lose it," policies and practices. Defendant HIOSSEN, INC.'s Paid Time Off policy specifically provides that although a HIOSSEN, INC. employee is entitled to accrue up to 72 hours of Paid Time Off each year, "Hiossen, Inc. will allow a maximum PTO carryover of 24 hours." It is well-settled in California that since Paid Time Off is to be treated as a form of wages, employers cannot implement "use it or

- 2 -

lose it" policies in which unused days of paid time off do not carryover from year to year or are forfeited by a certain date. (*See Boothby v Atlas Mechanical, Inc.* (1992) 6 CA4th 1595; *DLSE Opinion Letter* 1991.01.07).

3.    At all relevant times, Plaintiff and other similarly situated employees in California have also been subjected to an unlawful Non-Compete Agreement, in which Defendants' employees have been required to agree not to "[b]ecome employed by any business competitive with the Company's business...for a period of twenty-four (24) months after termination..." It is well-settled that California law prohibits non-competition agreements. *See Business & Professions Code § 16600*. In light of California's strong public policy against non-competition employment agreements, the California Legislature amended the California Labor Code, effective Jan. 1, 2017, to prohibit employers from even attempting to circumvent the protections set forth in *Bus. & Prof. Code § 16600*. *See Labor Code § 925*. Plaintiff therefore seeks an injunction enjoining such conduct by Defendants in the future, restitution for the named Plaintiff and all members of the proposed Classes, and all other appropriate relief.

4.    Additionally, at all relevant times, Plaintiff and other similarly situated sales employees in California have been are misclassified as "exempt." As a result, Plaintiff and Defendants' other sales employees work long hours and are not provided with meal and rest breaks, without receiving any overtime compensation or compensation for missed meal and rest breaks from Defendants. Defendants therefore succeed in the California market by failing to comply with state law and by failing to provide proper compensation to the hard-working employees who have made its success possible.

5.    According to Defendants' written job descriptions and recruiting materials, at all relevant times it has been Defendants' expectation that their Sales Representatives regularly and customarily spend 50% or more of their work time in "a designated office location," while "attending sales planning meetings under the direction of either the Branch Sales Manager or the Regional Sales Manager."

**FIRST AMENDED COMPLAINT FOR COMPENSATORY DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF & CIVIL PENALTIES**

6.    Consistent with Defendants' expectations of the job requirements of the sales representative position, at all relevant times Plaintiff and all of Defendants' current and former California-based sales representatives regularly and customarily worked less than 50% of their working time away from Defendants' place of business selling Defendants' products.

7.    The policies and practices of Defendants, as alleged herein, are unlawful, unfair and deceptive business practices whereby Defendants have retained wages due to Plaintiff and other similarly situated employees for all hours worked, including accrued Paid Time Off, overtime compensation, and all missed meal and rest periods.  Defendants' unlawful, unfair and deceptive employment and wage practices cheat Plaintiff and other members of the proposed Classes out of their lawful compensation due, as required by California law.  Plaintiff therefore seeks an injunction enjoining such conduct by Defendants in the future, restitution for the named Plaintiff and all members of the proposed Classes, and all other appropriate equitable relief.

8.    Defendants' retention of wages due to Plaintiff and other similarly situated employees for all hours worked, including accrued Paid Time Off, overtime compensation, and all missed meal and rest periods, also resulted in Defendants' intentional issuance of inaccurate wage statements to Plaintiff and other similarly situated employees, and willful failure to pay all wages due and owing to such employees at the time of separation of employment.

**IDENTIFICATION OF THE PARTIES**

9.    Plaintiff CHARLES KEE is a competent adult who resides in the City of Vista, County of San Diego, State of California. From approximately July 2017 to November 2018, Plaintiff was employed by Defendants as a sales representative. While employed as a sales representative, Plaintiff was treated, and misclassified, by Defendants as an exempt employee.

10.    In November 2018, Plaintiff's employment as a sales representative for Defendants was terminated.  During his employment, Plaintiff was misclassified as exempt pursuant to the "outside salesperson" exemption. Plaintiff was paid a salary of $50,000 per year.  During his employment, Plaintiff regularly worked in excess of eight hours per day; and, approximately one weekend per month, Plaintiff was required to work both weekend days at "educational seminars."

– 4 –

These seminars took place at Defendants' office locations. Initially, Plaintiff was credited with one day of PTO (vacation) for each two days worked at these seminars. Later, Plaintiff was credited with two days of PTO (vacation) for each weekend he was required to work educational seminar weekend. However, these PTO (vacation) days credited to Plaintiff were "use it or lose it" and void if not used within one or two weeks. Plaintiff was unable to use at least half of these PTO (vacation) days and, thus, they "expired." As explained herein, "use it or lose it" vacation policy is illegal in California. Accordingly, Defendants failed to pay Plaintiff all wages due and owing, including, but not limited to, his accrued and unused Paid Time Off, upon his termination.

11.     Plaintiff is informed and believes, and thereon alleges, that Defendant HIOSSEN, INC. is a Pennsylvania corporation with its principal place of business in Englewood Cliffs, New Jersey. According to Defendants' website, www.hiossen.com, HIOSSEN, INC. is "one of the top five dental implant companies in the world," which manufacturers and sells dental equipment, pharmaceuticals and implants directly to dental professionals.

12.     According to Defendants' website, www.hiossen.com, Defendants' sales workforce is staffed at "direct sales offices throughout major U.S. cities," including numerous locations throughout California.

13.     At all times mentioned herein, Defendant HIOSSEN, INC. has been doing business in the State of California through its operation of numerous direct sales office locations in California, including in Los Angeles, San Diego, Sacramento, San Gabriel, San Francisco, San Jose and Northridge, California.

14.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times Defendant HIOSSEN, INC. has employed Plaintiff and the members of the proposed Classes, and exercised control over Plaintiff's and the proposed Class members' wages, hours and working conditions.

15.     Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations when the same have

been ascertained.

16.     Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained.

17.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, all Defendants, and each of them, were acting as the agent and/or employee of each remaining co-defendant, and were acting with permission and consent of each other, and within the course and scope of said agency and/or employment. Plaintiff is further informed and believes that each co-defendant, by and through its officers, directors or managing agents, ratified, authorized and approved, expressly or implicitly, all of the conduct alleged herein.

18.     When in this Complaint reference is made to any act of the "Defendants," such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendants named in this lawsuit committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendants and did so while acting within the scope of their employment or agency.

19.     When in this Complaint reference is made to any act by a "Defendant" or "Defendants," such allegations and reference shall also be deemed to mean the acts and failures to act of each of the named Defendants acting individually, jointly and severally.

## JURISDICTION AND VENUE

20.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs

21.     This Court has jurisdiction over all causes of action asserted herein pursuant to California Constitution, Article VI, Sec. 10, because this case is a cause not given by statute to other trial courts.

– 6 –

**FIRST AMENDED COMPLAINT FOR COMPENSATORY DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF & CIVIL PENALTIES**

22.    This Court has jurisdiction over Defendants because each co-defendant is a corporation, limited liability company or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avail itself of the California market through its operation of numerous direct sales office locations in California, to render the exercise of jurisdiction by the California courts consistent with traditional notions of fair play and substantial justice

23.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395.  Defendants' actionable and unlawful employment practices as to Plaintiff and numerous other employees occurred at numerous office locations in the County of San Diego, State of California.

**CLASS ACTION ALLEGATIONS**

24.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

25.    Plaintiff brings this suit as a class action pursuant to California Code of Civil Procedure § 382 on behalf of himself and all individuals who are or previously were employed by Defendants in the State of California.  The class period applicable to the Classes is defined as the period beginning four years prior to the filing of this Complaint and ending on the date as determined by the Court.  As a matter of company policy and practice, Defendants have subjected these employees to unlawful Paid Time Off forfeiture policies and practices, as well as unlawful non-compete agreements.

26.    Plaintiff also brings this class action on behalf of himself and a proposed subclass of all individuals who are or previously were employed by Defendants as sales representatives in the State of California.  As a matter of company policy and practice, Defendants have failed to pay the required straight time and overtime compensation due to these employees for all hours worked, have failed to provide state-mandated meal periods and rest periods to such employees, and have otherwise failed to comply with all labor laws and regulations with respect to such employees.

– 7 –

**FIRST AMENDED COMPLAINT FOR COMPENSATORY DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF & CIVIL PENALTIES**

27.    The putative class and subclass Plaintiff will seek to certify is currently composed of and defined as follows:

    **a.**  **All current and former California-based employees who were employed by HIOSSEN, INC. between May 3, 2015 and the present (hereinafter, the "CLASS").**

    **b.**  **All former California-based employees who separated their employment with HIOSSEN, INC. between May 3, 2016 and the present (hereinafter, the "FORMER EMPLOYEE SUBCLASS").**

    **c.**  **All current and former California-based sales employees who were employed by HIOSSEN, INC. between May 3, 2015 and the present (hereinafter, the "SALES EMPLOYEE SUBCLASS").**

28.    <u>Numerosity</u>: The potential number of members of the CLASS and SUBCLASSES as defined is so numerous that joinder of all members would be unfeasible and unpractical. The disposition of their claims through this class action will benefit both the parties and this Court. The quantity of members of the CLASS and SUBCLASSES is currently unknown to Plaintiff; however, it is estimated that there are at least 750 members in the CLASS; at least 400 members in the FORMER EMPLOYEE SUBCLASS; and at least 250 members in the SALES EMPLOYEE SUBCLASS. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' employment records, which Defendants are required to maintain under California law.

29.    <u>Typicality</u>:  The claims of Plaintiff are typical of the claims of all members of the CLASSES and SUBCLASSES mentioned herein because all members of the CLASS and SUBCLASSES sustained injuries and damages arising out of Defendants' common course of conduct in violation of California wage and hour law, and the injuries and damages of all members of the CLASS and SUBCLASSES were caused by Defendants' wrongful conduct in violation of California statutory and regulatory law, as alleged herein.

30.    <u>Adequacy</u>:    Plaintiff is an adequate representative of the CLASS and SUBCLASSES and will fairly protect the interests of the members of the CLASS and SUBCLASSES, and has no interests antagonistic to the members of the CLASSES and

**FIRST AMENDED COMPLAINT FOR COMPENSATORY DAMAGES,
PENALTIES, RESTITUTION, INJUNCTIVE RELIEF & CIVIL PENALTIES**

SUBCLASSES, and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. The Class Representatives Plaintiff understands that he assumes a fiduciary responsibility to the CLASS and SUBCLASSES to represent their interests fairly and adequately. Plaintiff recognizes that he must represent and consider the interests of the CLASS and SUBCLASSES just as he would represent and consider their own interests. Plaintiff understands that when making decisions regarding the conduct of the litigation and possible settlement, he must not favor his own individual interest over the interests of the CLASS and SUBCLASSES as a whole. Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

31.  <u>Superiority</u>.  The nature of this action and the nature of the laws available to Plaintiff make the use of the class action format a particularly effective and appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein:

This case involves large corporate Defendants and a large number of individual class members with common issues of law and fact.

    a.  If each individual member of the CLASS was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the CLASS and SUCLASSES with Defendants' vastly superior financial and legal resources.

    b.  Requiring each individual member of the CLASS and SUCLASSES to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the CLASS and SUCLASSES who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well being;

– 9 –

c.   Proof of a common business practice or factual pattern, of which the members of the CLASS and SUBCLASSES experienced, is representative of the CLASS and SUBCLASSES herein and will establish the right of each of the members of CLASS and SUBCLASSES to recover on the causes of action alleged herein; and

d.   The prosecution of separate actions by the individual members of the CLASS and SUCLASSES, even if possible, would create a substantial risk of inconsistent and varying verdicts or adjudications with respect to the individual members of the CLASS and SUCLASSES against Defendants, which would establish potentially incompatible standards of conduct for Defendants and/or legal determinations with respect to individual members of the CLASS and SUCLASSES.

Existence and Predominance of Common Questions of Fact and Law:

32.   There are common questions of fact and law as to the members of the CLASS, which predominate over questions affecting only individual members of the CLASS including, without limitation:

a.   Whether Defendants subjected the members of the CLASS to unlawful Paid Time Off forfeiture, or "use or lose it," policies and practices, and whether such policies and practices violate Labor Code § 227.3;

b.   Whether Defendants subjected the members of the CLASS to unlawful employment non-compete agreements, and whether such agreements violate Bus. & Prof. Code § 16600;

c.   Whether the recorded Paid Time Off hours of the members of the CLASS were unlawfully reduced by Defendants;

d.   Whether the members of the CLASS were paid wages for all hours worked;

e.   Whether Defendants knowingly and intentionally failed to furnish accurate, itemized wage statements to members of the CLASS;

– 10 –

f.   Whether Defendants paid all wages due and owing to members of the FORMER EMPLOYEE SUBCLASS at the time of separation of employment, in accordance with Labor Code §§ 201-203;

g.   Whether Defendants required and failed to reimburse members of the SALES EMPLOYEE SUBCLASS for necessary expenses or losses incurred in direct consequence to the discharge of their duties while employed by Defendants, in violation of § 2802;

h.   Whether Defendants misclassified the members of the SALES EMPLOYEE SUBCLASS as exempt from overtime compensation and meal and rest period compensation;

i.   Whether the members of the SALES EMPLOYEE SUBCLASS CLASS were expected, required, permitted and/or suffered to work overtime hours on a regular basis;

j.   Whether the members of the SALES EMPLOYEE SUBCLASS were paid overtime compensation in accordance with California statutory and regulatory law

k.   Whether the members of the SALES EMPLOYEE SUBCLASS were provided with uninterrupted 30-minute meal periods within the first five hours of daily work periods lasting longer than six hours;

l.   Whether the members of the SALES EMPLOYEE SUBCLASS were provided with a second uninterrupted 30-minute meal period within the first ten hours of daily work periods lasting longer than twelve hours;

m.   Whether Defendants have failed to keep accurate time records showing when members of the SALES EMPLOYEE SUBCLASS begin and end each meal periods;

n.   Whether the members of the SALES EMPLOYEE SUBCLASS were provided with 10-minute rest periods during every four hour period, or major fraction thereof;

o.   Whether Defendants have provided wage compensation to the members of the

– 11 –

**FIRST AMENDED COMPLAINT FOR COMPENSATORY DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF & CIVIL PENALTIES**

SALES EMPLOYEE SUBCLASS for work shifts in which meal periods and/or rest periods were not provided;

p.    Whether Defendants required members of the SALES EMPLOYEE SUBCLASS to work through their meal periods and rest periods;

q.    Whether Defendants' conduct constituted unfair or unlawful business practices within the meaning of Business & Professions Code § 17200 *et seq.*;

r.    Whether the members of the CLASS and SUBCLASSES are entitled to compensatory damages, and if so, the means of measuring such damages;

s.    Whether the members of the CLASS and SUBCLASSES are entitled to injunctive relief;

t.    Whether the members of the CLASS and SUBCLASSES are entitled to restitution;

u.    Whether the members of the CLASS and SUBCLASSES are entitled to disgorgement of profits;

v.    Whether the members of the FORMER EMPLOYEE SUBCLASS are entitled to "waiting time penalties;"

w.    Whether Defendants are liable for pre-judgment interest; and

x.    Whether Defendants are liable for attorneys' fees and costs.

## FIRST CAUSE OF ACTION
### *Unlawful Non-Compete Agreement Against Public Policy*
### (Cal B&P Code § 16600; Cal Labor Code § 925)

(On Behalf of Plaintiff and the CLASS)

33.    Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

34.    California Business and Professions Code section 16600 states: "Every contract by which anyone interested is restrained from engaging in a lawful profession, trade or business of any kind is to that extent void."

35.    The California Supreme Court has specifically recognized that California Business

– 12 –

and Professions Code section 16600 "represents a strong public policy of the state." *Edwards v. Arthur Anderson LLP* (2008) 44 Cal.4th 937, 950. This fundamental public policy against non-compete provisions is so strong that California law prohibits even narrow restraints on an employee's ability to practice his or her profession. *Id.*, at pp. 949-950.

36.    California Labor Code section 925(a) provides that a California employee shall not be required to agree to a provision that would deprive the employee of the substantive protection of California law.  Section 925(b) provides that any provision of a contract that violates subdivision (a) is voidable by the employee.

37.    Defendants' above-described conduct including, without limitation, subjecting its California-based employees, including Plaintiff and the CLASS, to unlawful non-compete agreements in violation of Cal. Bus. & Prof. Code §16600, constitutes a clear violation of Labor Code section 925.

38.    Pursuant to Labor Code section 925(c), Plaintiff seeks an injunction enjoining such conduct by Defendants in the future; an Order requiring Defendants to notify all members of the CLASS that all non-compete clauses previously communicated and disseminated to the members of the CLASS are null and void; restitution to the named Plaintiff and all members of the CLASS; reasonable attorneys fees and litigation expenses; and all other appropriate relief.

## SECOND CAUSE OF ACTION
### *Failure to Pay Accrued and Unused Paid Time Off*
(California Labor Code §227.3)

(On Behalf of Plaintiff and the CLASS)

39.    Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

40.    California Labor Code section 227.3 requires an employer that provides paid vacation, including Paid Time Off, to an employee to pay to the employee all vested and unused Paid Time Off as wages upon the employee's termination. Pursuant to California Labor Code section 201, such wages must be paid immediately at the time of discharge.

41.    Defendants terminated Plaintiff's employment during January 2019. At the time of

– 13 –

his employment, Plaintiff had accrued significant Paid Time Off, which he had not yet used as direct and proximate result of Defendants' unlawful forfeiture, or "use it or lose it," policies and practices, as described herein.

42.     Defendants did not pay Plaintiff all of his vested and unused vacation as wages immediately upon his termination.

43.     Defendant is liable to Plaintiff and the members of the CLASS for payment of all vested and unused vacation time, including Paid Time Off, paid at Plaintiff's and the members of the CLASS' regular rates of pay as of the date of termination, plus interest, and reinstatement of any forfeited Paid Time Off resulting from the improper use it or lose it policy.

## THIRD CAUSE OF ACTION
*Failure to Provide Accurate Itemized Wage Statements*
**(Labor Code §§ 226 and 226.3; Cal. Code Regs., Title 8 § 11040 section 7)**

(On Behalf of Plaintiff, the CLASS and the SALES EMPLOYEE SUBCLASS)

44.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

45.     Labor Code Section 226 requires an employer to keep accurate, itemized pay statements.   Under California law, gross wages earned, the precise, actual number of hours and minutes worked by a non-exempt employee, all deductions, net wages earned, inclusive dates of the pay period, the name of the employee, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period must be accurately itemized on each pay statement.

46.     During the applicable statutory period, Defendants routinely failed to provide the members of the CLASS and SALES EMPLOYEE SUBCLASS, including Plaintiff, at the time of each payment of wages, an accurate itemized statement in writing showing the requirements of Labor Code § 226 and section 7 of Title 8 CCR § 11040. Defendants' failure to provide accurate itemized wage statements to the members of the CLASS and SALES EMPLOYEE SUBCLASS, including Plaintiff, has been the intentional result of Defendants' unlawful polices and practices, including, but not limited to, Defendants' vacation and Paid Time Off forfeiture, or "use it or lose

– 14 –

it," policies and practices; Defendants' deliberate misclassification of the members of the SALES EMPLOYEE SUBCLASS as exempt; Defendants' manipulation of Plaintiff's and CLASS members' time records and Defendants' refusal to institute a system for accurately recording hours worked by Plaintiff and the members of the CLASS and SALES EMPLOYEE SUBCLASS. Defendants' failure to provide accurate itemized wage statements to members of the CLASS and SALES EMPLOYEE SUBCLASS, including Plaintiff, has been knowing and intentional, and was in clear violation of Labor Code § 226(a).

47.    The members of the CLASS and SALES EMPLOYEE SUBCLASS, including Plaintiff, have suffered injuries as a result of the knowing and intentional failure of Defendants to comply with Labor Code § 226(a) and Title 8 CCR § 11040(7), in that Defendants' failure to provide Plaintiff and CLASS Members and SALES EMPLOYEE SUBLCASS Members with accurate itemized wage statements made it impossible for Plaintiff and the members of the CLASS and SALES EMPLOYEE SUBLCASS to know whether they were being paid all earned vacation and Paid Time Off wages, all overtime wages, all premium pay for missed meal and rest periods, as well as whether they were being paid for all hours worked.

48.    Defendants' knowing and intentional failure to furnish the members of the CLASS and SALES EMPLOYEE SUBLCASS with accurate itemized wage statements, as alleged above, violated Labor Code § 226(a), as well as Title 8 CCR § 11040(7).  Labor Code § 226(e) entitles Plaintiff and the members of the CLASS and SALES EMPLOYEE SUBLCASS to recover the greater of their actual damages caused by Defendants' violations, or $50 per employee for the initial pay period in which the violation occurred, and $100 per employee for each violation in subsequent pay periods, not exceeding an aggregate penalty of $4,000 per employee.

## FOURTH CAUSE OF ACTION
### *Failure to Pay Earned Wages and Overtime Compensation*
### (California Labor Code §§ 204, 210, 510 & 1194)

(On Behalf of Plaintiff and the SALES EMPLOYEE SUBCLASS)

49.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

– 15 –

50.    Cal. Labor Code § 204 requires employers to pay employees for all hours worked as follows: "all wages…earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Cal. Labor Code § 510 further provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

51.    Cal. Labor Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with costs of suit and statutory attorneys fees.

52.    Plaintiff further alleges that throughout the Class Period all members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, have been classified by Defendants as exempt employees.

53.    Plaintiff alleges that while he was employed as a sales representative by Defendants, he was, in fact, not exempt from overtime pay requirements under California law. Defendants have therefore misclassified Plaintiff and all other members of the SALES EMPLOYEE SUBLCASS as exempt from overtime compensation and consequently failed to pay Plaintiff and the members of the SALES EMPLOYEE SUBLCASS all wages owed, including overtime compensation, in violation of Labor Code §§ 204, 510 & 1194 and the California Code of Regulations.

54.    Plaintiff alleges, on the basis of information and belief, that at all relevant times Defendants have continuously engaged in the regular practice of requiring, suffering or permitting members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, to accrue work hours but Defendants have unlawfully failed to pay earned wages, including overtime compensation, to SALES EMPLOYEE SUBLCASS members, including Plaintiff, for all hours worked in violation of Labor Code §§ 204, 510 & 1194 and applicable Industrial Welfare Commission requirements.

55.    Plaintiff further alleges that at all relevant times Defendants have continuously engaged in the regular practice of requiring, suffering or permitting members of the SALES

– 16 –

EMPLOYEE SUBLCASS, including Plaintiff, to work hours in excess of eight hours per day and/or 40 hours per week.  Despite SALES EMPLOYEE SUBLCASS members and Plaintiff regularly working hours in excess of eight hours per day and/or 40 hours per week, Defendants have unlawfully failed to pay overtime compensation to SALES EMPLOYEE SUBLCASS members, including Plaintiff, for all overtime hours worked in violation of Labor Code § 510 and applicable Industrial Welfare Commission requirements.

56.    As a result of the actions of Defendants in failing and/or refusing to pay earned wages and overtime compensation, members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were damaged by not receiving all wages owed and by not receiving overtime compensation which they should have received, but did not receive.  Defendants have known or should have known that Plaintiff and members of the SALES EMPLOYEE SUBLCASS have accrued work hours, including overtime hours, for which Plaintiff and members of the SALES EMPLOYEE SUBLCASS have not been compensated.  Defendants systemically elected, either through intentional malfeasance or gross nonfeasance, not to pay Plaintiff and members of the SALES EMPLOYEE SUBLCASS for their labor as a matter of uniform corporate policy, practice and procedure. Members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, are therefore entitled to compensation in an amount to be proven at trial for unpaid earned wages, unpaid overtime compensation, pre-judgment interest, attorneys' fees and costs pursuant to Labor Code section 218.5 and 1194.

### FIFTH CAUSE OF ACTION
*Failure to Provide 30-Minute Employee Meal Period*
**(California Labor Code §§ 226.7 & 512)**

(On Behalf of Plaintiff and the SALES EMPLOYEE SUBCLASS)

57.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

58.    Plaintiff alleges, on the basis of information and belief, that within each of the four years prior to the commencement of this action, Defendants have promulgated and enforced policies under which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff,

– 17 –

regularly worked more than five hours in a daily work period lasting longer than six hours without being provided with an uninterrupted, thirty-minute meal period during which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were relieved of all of their respective work duties, or under which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were not provided with a thirty-minute meal period during the first five hours of their work shifts. Defendants have also promulgated and enforced policies under which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, regularly worked more than ten hours in a daily work period lasting longer than twelve hours without being provided with a second uninterrupted, thirty-minute meal period during which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were relieved of all of their respective work duties, or under which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were not provided with a second thirty-minute meal period during the first ten hours of their work shifts.   Defendants have also otherwise failed to provide SALES EMPLOYEE SUBLCASS members with state-mandated meal periods, including requiring SALES EMPLOYEE SUBLCASS members to take unlawful "on duty" meal periods.

59.   All members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, are entitled to additional wages pursuant to California Labor Code Section 226.7 for each daily work period lasting more than six hours during which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were not provided with an uninterrupted, thirty minute meal period, or during which members of the SALES EMPLOYEE SUBLCASS were not provided with an uninterrupted thirty-minute meal period during the first five hours of their work shifts. Members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, are also entitled to additional wages pursuant to California Labor Code Section 226.7 for each daily work period lasting more than twelve hours during which members of the CLASS, including Plaintiff, were not provided with a second uninterrupted, thirty minute meal period, or during which members of the SALES EMPLOYEE SUBLCASS were not provided with a second uninterrupted thirty-minute meal period during the first ten hours of their work shifts.

60.    As a result of Defendants' conduct as alleged herein, members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, have suffered harm and monetary damages, in an amount to be ascertained at trial.

**SIXTH CAUSE OF ACTION**
*Failure to Authorize and Permit 10-Minute Employee Rest Periods*
**(California Labor Code §§ 226.7)**

(On Behalf of Plaintiff and the SALES EMPLOYEE SUBCLASS)

61.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

62.    Plaintiff alleges, on the basis of information and belief, that during all relevant times, Defendants have promulgated and enforced policies under which members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, have regularly worked more than four hours per day without being authorized and permitted to take one or more paid rest periods of at least ten minutes for each four hours of work time, or major fraction thereof, during which the members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, were relieved of all of their respective work duties.

63.    Defendants have adopted and maintained uniform corporate rest period policies and procedures that violate California law, including the applicable Industrial Welfare Commission Wage Order. Defendants have failed to authorize and permit members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, to take ten-minute rest periods every four hours or major fraction thereof. Defendants have failed to authorize and permit Plaintiff and the other members of the SALES EMPLOYEE SUBLCASS to take 10 minutes' rest during shifts lasting more than three and one-half hours to six hours in length, 20 minutes' rest during shifts lasting more than six hours up to 10 hours in length, and 30 minutes' rest during shifts lasting more than 10 hours up to 14 hours in length.

64.    Plaintiff alleges that members of the SALES EMPLOYEE SUBLCASS, including Plaintiff, have suffered harm and monetary damages, in an amount to be ascertained at trial. Plaintiff and the other members of the SALES EMPLOYEE SUBLCASS and are entitled to

– 19 –

**FIRST AMENDED COMPLAINT FOR COMPENSATORY DAMAGES,
PENALTIES, RESTITUTION, INJUNCTIVE RELIEF & CIVIL PENALTIES**

additional wages pursuant to California Labor Code Section 226.7 for each four hour work period, or major fraction thereof, during which members of the CLASS were not permitted and authorized to take one or more ten minute rest periods.

## SEVENTH CAUSE OF ACTION
### *Failure to Reimburse Business Expenses*
### (California Labor Code § 2802)

(On Behalf of Plaintiff and the SALES EMPLOYEE SUBCLASS)

65.    California Labor Code § 2802 requires an employer to reimburse employees for all reasonable employment-related expenses incurred in performing their duties.

66.    Plaintiff alleges that he and all other members of the SALES EMPLOYEE SUBCLASS were required to use their personal vehicle, cell phone, and to incur additional expenses associated with their work for Defendants.

67.    Plaintiff alleges that SALES EMPLOYEE SUBCLASS members', including Plaintiff's, monthly necessary and reasonable business expenses far exceeded the amount of reimbursement by Defendants.

68.    During all relevant times, Defendants failed to indemnify Plaintiff and members of the SALES EMPLOYEE SUBCLASS for their expenses related to the use of their personal vehicles and cell phones directly related to performing their work duties for Defendants.

69.    As a direct and proximate result of the conduct described herein, Plaintiff and the members of the SALES EMPLOYEE SUBCLASS are entitled to reimbursement of their employment-related expenses, plus prejudgment interest, pursuant to California Labor Code § 2802.

## EIGHTH CAUSE OF ACTION
### *Failure to Pay Compensation When Due at Time of Separation of Employment*
### (Labor Code §§ 201-203)

(On Behalf of Plaintiff and the FORMER EMPLOYEE SUBCLASS)

70.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

71.    California Labor Code Section 201 requires an employer who discharges an

– 20 –

employee to pay compensation due and owing said employee immediately upon discharge. California Labor Code Section 202 requires an employer to promptly pay compensation due and owing an employee within 72 hours of that employee's separation of employment by resignation. California Labor Code Section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation as required pursuant to California Labor Code Sections 201 and 202, said employer is liable to said employee for waiting time penalties.

72.     Plaintiff alleges, on the basis of information and belief, that Defendants have willfully failed and have refused to pay all compensation and wages due and owing, including vacation wages and Paid Time Off, straight time wages, overtime pay, and/or premium payment for failure to provide meal periods and failure to authorize and permit rest periods, to members of the FORMER EMPLOYEE SUBCLASS, including Plaintiff, upon their separation of employment.

73.     Defendants' failure to timely pay compensation and wages to members of the FORMER EMPLOYEE SUBCLASS, including Plaintiff, at the time of their separation of employment has been willful.  As a result, Defendants are liable to members of the FORMER EMPLOYEE SUBCLASS, including Plaintiff, for "waiting time penalties" under California Labor Code Section 203, in an amount to be ascertained at trial.

### NINTH CAUSE OF ACTION
*Unlawful and Unfair Business Practices*
**(Business & Professions Code §§ 17200 *et seq.*)**

(On behalf of Plaintiff and the CLASS and SALES EMPLOYEE SUBCLASS)

74.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

75.     Within each of the four years prior to the commencement of this action, Plaintiff is informed and believes, and thereon alleges, that Defendants have unlawfully failed to pay all vested vacation and Paid Time Off to the members of the CLASS, including Plaintiff; failed to pay all hourly wages and overtime wages to members of the SALES EMPLOYEE SUBCLASS, including Plaintiff, in violation of Labor Code §§ 204, 218, 510 and 1194; unlawfully failed to provide meal periods, or compensation in lieu thereof, to members of the SALES EMPLOYEE

– 21 –

SUBCLASS, including Plaintiff, in violation of Labor Code §§ 226.7 and 512; and unlawfully failed to authorize and permit rest periods, or compensation in lieu thereof, to the members of the SALES EMPLOYEE SUBCLASS, including Plaintiff, in violation of Labor Code § 226.7.

76.     Defendants' above-described constitutes unfair competition including, without limitation, unlawful, unfair and fraudulent business acts or practices in violation of California Business Professions Code § 17200.

77.     By committing the alleged acts and/or omissions as described in this Complaint, Defendants have engaged, and continue to engage, in unlawful and/or unfair business practices within the meaning of California Business & Professions Code § 17200 *et seq.*

78.     Plaintiff alleges, on the basis of information and belief, that by and through Defendants' alleged acts and/or omissions as described in this Complaint, Defendants have obtained valuable property, money, and services from Plaintiff and members of the CLASS and SALES EMPLOYEE SUBCLASS, have deprived Plaintiff and members of the CLASS and SALES EMPLOYEE SUBCLASS of valuable rights and benefits guaranteed by law and contract, all to Plaintiff's and CLASS members' and SALES EMPLOYEE SUBCLASS members' detriment and to the benefit of Defendants.

79.     A request for injunctive relief, restitution and for the disgorgement of unlawfully earned profits is specifically authorized by California Business & Professions Code § 17200 *et seq.* Thus, on behalf of Plaintiff and members of the CLASS and SALES EMPLOYEE SUBCLASS, and on behalf of the general public, Plaintiff seeks injunctive relief (including, without limitation, reinstatement of any forfeited Paid Time Off resulting from the improper use it or lose it PTO policy), restitution (to members of the CLASS and SALES EMPLOYEE SUBCLASS) of all unlawfully withheld funds, and the disgorgement of all unlawfully earned profits (to members of the CLASS and SALES EMPLOYEE SUBCLASS) obtained by Defendants as a result of Defendants' alleged unlawful and unfair acts and/or omissions described in this Complaint.

80.     Plaintiff is informed and believes, and thereon alleges, that unless restrained and ordered to pay restitution and disgorge profits derived from these unlawful and unfair employment

– 22 –

practices, Defendants will continue to engage in the unlawful and unfair acts and/or omissions
described in this Complaint.

**TENTH CAUSE OF ACTION**
*Labor Code Private Attorneys General Act of 2004*
**(Labor Code § 2698 *et seq.*)**

(On Behalf of Plaintiff, All Aggrieved Employees and the State of California)

81.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times,
Defendants have violated, and continues to violate, several provisions of the California Labor
Code, including but not limited to:

i.     Sections 201 – 203 (Failure to Pay All Compensation Owed at Separation);

ii.    Section 204 (Failure to Pay All Wages Earned);

iii.   Section 227.3 (Failure to Pay Vacation Wages at Termination);

iv.    Section 226 (Failure to Provide Accurate Itemized Wage Statements);

vi.    Section 226.7  (Failure to Compensate for Missed, Late or On Duty Meal Periods);

vi.    Section 226.7  (Failure to Compensate for Missed, Late or On Duty Rest Periods);

vii.   Section 510 (Unlawful Overtime Policies and Procedures);

viii.  Section 512 (Failure to Provide Timely, Uninterrupted, 30-Minute Meal Periods);

ix.    Section 1174 (Failure to Maintain Accurate Time Records);

x.     Section 1194 (Failure to Pay Overtime Compensation); and

xi.    Section 2802 (Failure to Reimburse Employment-Related Business Expenses)

82.    Pursuant to Labor Code § 2699, Plaintiff bring this cause of action on behalf of
himself and all other current or former employees of Defendants against whom one or more of the
alleged violations was committed and/or is being committed ("aggrieved employees," as defined
by Section 2699(c)).

83.    Pursuant to Labor Code Section 2699, Plaintiff seeks to recover from Defendants
civil penalties and underpaid wages for *each* Labor Code violation.  The underpaid wages are to be
paid to all aggrieved employees in their entirety, and civil penalties are to be calculated at the rate

– 23 –

at which the civil penalty is to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees.

84.    Pursuant to Labor Code Section 2699, for all provisions of the California Labor Code that do not specifically provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, Plaintiff seeks to recover from Defendants civil penalties for *each* Labor Code violation at the following rate: one hundred dollar ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

85.    Pursuant to Labor Code Section 2699, Plaintiff seeks an award of reasonable attorney's fees and costs for bringing this cause of action on behalf of himself, the State of California and Defendants' other current and former aggrieved employees against whom one or more of the alleged violations was committed.

86.    In compliance with Labor Code Section 2699.3, on May 3, 2019, Plaintiff provided Defendant HIOSSEN, INC. and the California Labor & Workforce Development Agency ("LWDA") with written notice, via online filing and via certified mail, of the specific provisions of the Labor Code alleged to have been violated by Defendants, and the facts and theories to support the allegations.

87.    More than 65 days have elapsed since Plaintiff notified the LWDA of the specific provisions of the Labor Code alleged to have been violated by Defendants. To date, the LWDA has not notified Plaintiff nor Defendants that it intends to investigate the alleged violations contained in Plaintiff's May 3, 2019 notice.

88.    Pursuant to California Labor Code § 2699.3, Plaintiff may commence a civil action against Defendants for civil penalties on behalf of himself, the State of California and Defendants' other current and former aggrieved employees.

– 24 –

89.    Plaintiff may maintain this cause of action against Defendants for civil penalties under Labor Code Section 2698 *et seq.* regardless of whether Plaintiffs' allegations contained herein are certified for class treatment.

90.    Plaintiff has not alleged any violation of Division 5 (commencing with Section 6300) of the Labor Code.

91.    In compliance with Labor Code Section 2699.3, Plaintiff's May 3, 2019 notice also provided Defendant HIOSSEN, INC. and the LWDA with written notice, via online filing and via certified mail, of the specific provisions of the Labor Code—not specified in Labor Code Section 2699.5— alleged to have been violated by Defendants, including Labor Code Section 558, as well as the facts and theories to support the allegations.

92.    To date, Defendants have not cured any of the alleged violations, and Defendants have not abated any of the violations alleged by Plaintiff in his May 3, 2019 notice. At all relevant times, Defendants have not been in compliance with the underlying statutes as specified in Plaintiff's May 3, 2019 notice. At all relevant times, no aggrieved employee has been made whole for the Labor Code violations described in Plaintiff's May 3, 2019 notice.

93.    To date, Defendants have not given written notice to Plaintiff nor the LWDA that any Labor Code violation alleged by Plaintiff in his May 3, 2019 notice has been cured.

94.    Pursuant to California Labor Code § 2699.3(c)(2)(A), Plaintiff may commence a civil action against Defendants for civil penalties and underpaid wages on behalf of himself, the State of California and Defendants' other current and former aggrieved employees with respect to the specific provisions of the Labor Code—not specified in Labor Code Section 2699.5—alleged to have been violated by Defendants, including Labor Code Section 558.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf, and on behalf of all others similarly situated, prays for judgment as follows:

1.    That the Court issue an Order certifying the CLASS, SALES EMPLOYEE SUBCLASS and FORMER EMPLOYEE SUBCLASS, appointing the named Plaintiff as

– 25 –

representative of all others similarly situated and appointing the law firms representing the named Plaintiff, Blanchard, Krasner and French and the Law Office of David A. Huch, as counsel for members of the CLASS, SALES EMPLOYEE SUBCLASS and FORMER EMPLOYEE SUBCLASS;

2.    For compensatory damages according to proof to Plaintiff and the members of the CLASS and SALES EMPLOYEE SUBCLASS;

3.    For prejudgment interest at the legal rate pursuant to Civil Code §§ 3287, 3288 & 3289, and any other legal rate that may be applicable to Plaintiff's causes of action;

4.    For an Order compelling Defendants to restore unpaid wages, expenditures, losses, income and other related benefits (in the form of restitution), as well as reinstatement of any forfeited Paid Time Off, to each of the members of the CLASS and SALES EMPLOYEE SUBCLASS who have suffered as a result of Defendants' unlawful and unfair employment practices alleged herein;

5.    For an order compelling Defendants to disgorge and pay over to Plaintiff and the members of the CLASS and SALES EMPLOYEE SUBCLASS all profits and savings resulting from Defendants' unlawful and unfair business practices alleged herein;

6.    For issuance of a permanent injunction enjoining Defendants, and each of them, from continuing to engage in the unlawful and unfair business practices alleged herein, including, but not limited to, all violations of Labor Code section 925;

7.    For attorneys' fees and litigation expenses pursuant to all applicable statutes, including Labor Code sections 218.5, 226, 925, 1194, 2699 and 2802, and as otherwise permitted by law;

8.    For waiting time penalties pursuant to Labor Code sections 201-203;

9.    For civil penalties, according to the method of calculations set forth in Labor Code Section 2699;

10.    For underpaid wages, as allowed under the Labor Code Private Attorneys General Act of 2004; and

– 26 –

11. For such other and further relief as the court deems just and proper.

DATED: July 17, 2019                    BLANCHARD, KRASNER & FRENCH

_____
DAVID C. HAWKES

Attorneys for Plaintiff CHARLES KEE, Individually, on behalf of all others similarly situated, on behalf of the general public.

LAW OFFICE OF DAVID A. HUCH
David A. Huch; SBN: 222892
david.a.huch@gmail.com
3281 E. Guasti Rd., Ste. 700
Ontario, CA 91761
Telephone:     (909) 212-7945
Facsimile:     (909) 614-7008

– 27 –

1   11.   For such other and further relief as the court deems just and proper.

2   DATED:  July 17, 2019                    BLANCHARD, KRASNER & FRENCH

3

4

5                                            DAVID C. HAWKES

6                                            Attorneys for Plaintiff CHARLES KEE, Individually,
7                                            on behalf of all others similarly situated, on behalf of
                                             the general public.

8

9                                            LAW OFFICE OF DAVID A. HUCH
                                             David A. Huch; SBN: 222892
10                                           david.a.huch@gmail.com
                                             3281 E. Guasti Rd., Ste. 700
11                                           Ontario, CA  91761
                                             Telephone:    (909) 212-7945
12                                           Facsimile:    (909) 614-7008

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                      – 27 –