# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KEE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HIOSSEN, INC., a Pennsylvania Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 19-cv-1440-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion to Remand to State Court (ECF No. 7).

## BACKGROUND

On May 3, 2019, Plaintiff initiated this action by filing a Complaint in the Superior Court of California for the County of San Diego, assigned case number 37-2019-00023035-CU-OE-CTL, against Defendant Hiossen, Inc. (Ex. A, ECF No. 1 at 10).

On July 18, 2019, Plaintiff filed a First Amended Complaint ("FAC") in the Superior Court for the County of San Diego. (Ex. B, ECF No. 1). Plaintiff alleges that he was employed by Defendant as a sales representative from July 2017 to November 2018. (Ex.

B, ECF No. 1 at 38). Plaintiff alleges that Defendant (1) subjected Plaintiff and the Class to unlawful non-compete agreements; (2) failed to pay accrued and unused paid time off; (3) failed to provide accurate itemized wage statements; (4) failed to pay earned wages and overtime compensation; (5) failed to provide 30-minute employee meal periods; (6) failed to authorize and permit 10-minute employee rest periods; (7) failed to reimburse business expenses; (8) failed to pay compensation when due at employment separation; (9) engaged in unlawful and unfair business practices; and (10) violated the Labor Code Private Attorneys General Act of 2004 ("Private Attorneys General Act"). *Id*. at 35-36. Plaintiff alleges that he is a citizen of California (*Id*. at 38) and Defendant is a Pennsylvania corporation with its principal place of business in New Jersey (*Id*. at 39). Plaintiff seeks (1) an Order certifying the Class; (2) compensatory damages; (3) prejudgment interest; (4) an Order compelling Defendants to restore unpaid wages, expenditures, losses, income, and other related benefits as well as to reinstate any forfeited Paid Time Off; (5) an Order compelling Defendants to disgorge and pay all profits and savings resulting from Defendants' alleged unlawful and unfair business practices; (6) a permanent injunction enjoining Defendants from continuing to engage in unlawful and unfair business practices; (7) attorneys' fees; (8) wait time penalties; (9) civil penalties; and (10) underpaid wages. *Id*. at 59-60.

On July 31, 2019, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332, diversity jurisdiction, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446. (ECF No. 1). On August 20, 2019, Plaintiff filed a Motion to Remand. (ECF No. 7). On September 9, 2019, Defendant filed a Response in Opposition. (ECF No. 9). On September 16, 2019, Plaintiff filed a Reply. (ECF No. 10). On October 11, 2019, Defendant filed a Sur-Reply. (ECF No. 12). On October 15, 2019, Plaintiff filed an Ex Parte Motion for Leave to File a Response to Defendant's Surreply (ECF No. 13) and an Objection (ECF No. 14). On October 28, 2019, this Court granted Plaintiff's Ex Parte Motion for Leave to File a Response to Defendant's Surreply. (ECF No. 15). On October 30, 2019, Plaintiff filed a Response to Defendant's Surreply. (ECF No. 16).

## CONTENTIONS OF PARTIES

Plaintiff contends that Defendant failed to demonstrate that the amount in controversy exceeds $75,000. (ECF No. 7-1). Plaintiff contends that the actual amount in controversy is $70,731.38. (ECF No. 10 at 2).

Defendant asserts that Plaintiff's January 24, 2019 Demand Letter alleged damages in excess of $200,000. (ECF No. 9 at 2; ECF No. 9-1). Defendant asserts that Plaintiff's Demand Letter stated that Plaintiff "could prove to a San Diego jury that Hiossen is liable to Kee for damages of at least $139,960 as a result of its violations of the California Labor Code and other laws" and "an additional $68,600 in penalties and liquidated damages." (ECF No. 9 at 3 (quoting Ex. A, ECF No. 9-1 at 8)).

In Reply, Plaintiff asserts that the Demand Letter is neither an accurate nor reasonable assessment of Plaintiff's true damages. (ECF No. 10 at 3).

## LEGAL STANDARD

A defendant may remove an action from state court to a federal district court when the district court would have had original jurisdiction. 28 U.S.C. § 1441. A federal district court has original jurisdiction over an action between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

In determining the amount in controversy, the court first looks to the plaintiff's complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2014). Where damages are unstated or ambiguous, the defendant seeking removal bears the burden to show that the aggregate amount in controversy exceeds $75,000. *See id.* If the plaintiff contests the defendant's calculations, the parties may submit evidence outside the complaint, including affidavits, declarations, and "reasonable chain[s] of logic" to substantiate their assertions of the amount in controversy. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). The court decides whether a defendant has demonstrated that the aggregate value of the amount in controversy meets the $75,000 minimum by a preponderance of the evidence. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Where the evidence submitted by both sides is

balanced or "in equipose," the court will deny federal jurisdiction. *Ibarra*, 775 F.3d at 1199.

There is a strong presumption against removal, such that the removing party bears the burden of establishing that the statutory requirements of federal jurisdiction have been met. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The court must remand the case "if there is any doubt as to the right of removal." *Gaus*, 980 F.2d at 566.

## DISCUSSION

### A. Demand Letter

Defendant relies upon Plaintiff's pre-litigation Demand Letter demanding $208,560 as evidence that the amount in controversy exceeds the $75,000 threshold. (ECF No. 9 at 2). Plaintiff's Demand Letter asserts that Plaintiff can prove the following damages: $48,600 for 1,080 unpaid overtime hours; $2,200 for violations of Labor Code §226; $2,160 for unused PTO days; $7,300 for unreimbursed employment-related expenses; $7,200 in waiting time penalties; $12,000 in civil penalties pursuant to the Labor Code Private Attorney General Act of 2004; $56,000 for additional penalties and liquidated damages under Labor Code §558; $5,000 in interest on amounts owed by Defendants; and $2,500 in attorneys' fees as of January 24, 2019. (Ex. A, ECF No. 9-1).

In the Reply, Plaintiff disavows the claims in the Demand Letter and contends that the actual amount in controversy is $70,731.38 (ECF No. 10 at 2). Plaintiff states that the "aggregate damages estimate in the [Demand Letter] was inflated, intended for discussion purposes, and did not reflect a reasonable estimate of the value of Plaintiff's individual claims that were subsequently brought in the present class action." (Hawkes Decl., ECF No. 10-1 at 2). Plaintiff has submitted a payroll statement demonstrating that his regular rate of pay at $24.07/hour for 2017 and $27.04/hour for 2018 (not $30/hour as originally stated in the Demand Letter). (*Id.* at 3; Ex. 1, ECF No 10-1). Based on these rates, Plaintiff calculated his overtime rate of pay was $36.10/hour for 2017 and $40.56/hour for 2018 (not $45/hour as originally stated in the Demand Letter). (Hawkes Decl., ECF No. 10-1 at

4

3).  Pursuant to these rates, Plaintiff calculates damages for 1,080 unpaid overtime hours to be $42,080.62; damages for unused PTO days to be $1,946.88; and waiting time penalties to be $6,489.60.  *Id*. at 4.  Plaintiff states that penalties for violations of Labor Code §226 amount to $1,450 based on 15 pay periods, not $2,200 based on 20 pay periods as originally stated in the Demand Letter.  *Id*. at 4-5.  Plaintiff states that penalties for violations of the Private Attorney General Act must be calculated based on a 75% allocation to the Labor Workforce and Development Agency and a 25% allocation to Plaintiff.  *Id*. at 6.  Plaintiff states that his net damages for violations of the Private Attorney General Act §2699(f) and §226.3 are $1,450 and $3,562.50, respectively, reaching a combined amount of $5,012.50 (not $12,000 as originally stated in the Demand Letter). *Id*.  Plaintiff states that penalties for violations of Labor Code §558 amount to $1,450 based on 15 pay periods, not $2,200 based on 20 pay periods as originally stated in the Demand Letter.  *Id*. at 4-5.  Plaintiff states that the $32,400 originally stated in the Demand Letter for liquidated damages pursuant to Labor Code §558 claims are not recoverable as a matter of law (ECF No. 10 at 6) and that there is no private right of action under Labor Code §226.3 to recover the $22,000 originally stated in the Demand Letter for cumulative civil penalties  (Hawkes Decl., ECF No. 10-1 at 5).  Plaintiff states that the only damages for additional penalties and liquidated damages are $1,450 (not $56,000 as originally stated in the Demand Letter).  *Id*.  Plaintiff states that two claims in the Demand Letter (a $40,000 demand for wrongful termination and a $25,000 demand for defamation) were not filed in this lawsuit.  (ECF No. 10 at 4).

Settlement offers are generally inadmissible under Fed. R. Evid. 408.  Rule 408 precludes their use for the purpose of showing "liability for or invalidity of the claim or its amount," but not in connection with evaluating the amount in controversy in an action. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.3 (9th Cir. 2002).  In *Cohn*, the Court held that a "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Id.* at 840.  However, where a plaintiff later

"attempt[s] to disavow his letter or offer contrary evidence" the letter may lose its persuasive value. *See id.*

In this case, the Complaint seeks class certification, injunctive relief, prejudgment interest, civil penalties, attorneys' fees, and an unstated amount of damages. (ECF No. 1 at 23-24). The damages sought in the Complaint differ from the damages in the Demand Letter and the amounts are unstated in the Complaint.

This Court concludes that the Demand Letter does not provide persuasive evidence that the amount in controversy is met. *Cohn*, 281 F.3d at 840. Plaintiff has submitted a payroll statement demonstrating his rates of pay for 2017 and 2018 in order to calculate damages for unpaid overtime hours, unused PTO days, and waiting time penalties. Some claims in the Demand Letter are not included in this lawsuit. Defendant has not offered evidence to the contrary or arguments challenging Plaintiff's calculations. Using Plaintiff's calculations ($42,080.62 for 1,080 unpaid overtime hours; $1,946.88 for unused PTO days; $6,489.60 in waiting time penalties; $1,450.00 in penalties for violations of Labor Code §226; $1,450 for violations of Private Attorney General Act §2699(f); $3,562.50 for violations of Private Attorney General Act §226.3; $1,450.00 in penalties for violations of Labor Code §558) and the amounts of undisputed damages ($7,300 for unreimbursed business expenses and prejudgment interest in the amount of $5,000), Plaintiff submits evidence to show that damages excluding attorneys' fees amount to $70,729.60.

**B. Attorneys' Fees**

The Demand Letter included a claim for attorneys' fees in the amount of $2,500. (ECF No. 10 at 9). However, in its Reply, Plaintiff contends that the original attorneys' fee amount of $2,500 must be divided among the 1,400 class individuals, resulting in an individual attorneys' fee award of $1.78 in order to determine amount in controversy.[1] *Id.*

---

[1] Based on the fact that a Declaration was attached to Plaintiff's Reply, this Court permitted Defendant to file a Sur-Reply addressing the evidence submitted in the Declaration. (ECF No. 11).

6

19-cv-1440-WQH-BLM

at 6. In its Sur-Reply, Defendant contends that Plaintiff's counsel will likely incur "in all probability more than $1,000,000 [] in attorneys' fees litigating this multi-count class action . . . ." (ECF No. 12 at 3). Defendant contends that the estimate of 124 class members (not 1,400) must be used to calculate each potential plaintiff's pro rata share toward the jurisdictional amount in controversy. *Id*. at 4. Defendant contends that a more accurate statement of Plaintiff's pro rata share of attorneys' fees is at least $6,097.56 and as much as $8,064.52. *Id*. Defendant contends that the amount in controversy exceeds the $75,000 threshold when these new attorneys' fees awards are added to Plaintiff's new estimates for the remaining claims. *Id*.

"A court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). "Any employee who prevails in any [Private Attorney General Act] action shall be entitled to an award of reasonable attorney's fees and costs." Cal. Labor Code § 2699(g)(1); *see also Patel v. Nike Retail Services, Inc.*, 58 F.Supp.3d 1032, 1048 (N.D. Cal. 2014) (prevailing plaintiff in PAGA action may recover attorney fees). "Accordingly, if the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future [attorneys' fees] are at stake in the litigation, [] and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Fritsch*, 899 F.3d at 794 (internal quotation marks and citations omitted).

> "[W]e require a removing defendant to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence. We also require the defendant to make this showing with summary-judgment-type evidence . . . . A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof. . . . In estimating future attorneys' fees, district courts may likewise rely on 'their own knowledge of customary rates and their experience concerning reasonable and proper fees.' *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)."

*Id.* at 795.

In *Urbino*, the Court of Appeals held that civil penalties under the Private Attorney General Act cannot be aggregated among class members to determine to meet the amount in controversy requirement for federal diversity jurisdiction. *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013). Following *Urbino*, this Court concludes that attorney's fees cannot be aggregated, but rather they must be pro-rated among putative class members when determining the amount in controversy. *See Patel*, 58 F.Supp.3d at 1049 ("When the rule is that claims are not aggregated…(as it is now for PAGA actions under *Urbino*), it would seriously undermine the anti-aggregation rule to allow attorney's fees to be allocated solely to a named plaintiff in determining the amount in controversy") (internal alterations omitted); *Mitchell v. Grubhub Inc.*, 2015 WL 5096420 at *7 (C.D. Cal. Aug. 28, 2015) (noting that, following *Urbino*, "several district courts in this Circuit have determined that the amount in controversy in PAGA actions should only include a plaintiff's pro-rated attorneys' fees"); *Perez v. WinnCompanies, Inc.*, 2014 WL 5823064 at *9 (E.D. Cal. Nov. 10, 2014) ("in a putative class action, attributing attorneys' fees solely to a named plaintiff for purposes of determining the amount in controversy would be improper, because the plaintiff would not ultimately be entitled to the entirety of that award upon a favorable disposition of the case").

Defendant relies upon citations to attorneys' fee awards in other cases to support its contention that "Plaintiff's counsel will likely incur . . . in all probability more than $1,000,000 . . . in attorneys' fees litigating this multi-count class action." (ECF No. 21 at 3). However, Defendant does not analogize the facts or circumstances of those cases. Defendant's citation to cases in which courts have approved attorneys' fees awards of over $1,000,000 in connection with settlement of labor and employment class actions, without more, does not support Defendant's allegations as to the amount in controversy in this case. *See, e.g.*, *Gonzalez v. Hub International Midwest Limited*, No. ED CV 19-557 PA (ASx), 2019 WL 2076378, at *6 (C.D. Cal. May 10, 2019) ("Defendant's mere citation to cases in which counsel sought larger proportions of a class's recovery as attorneys' fees, without

8

19-cv-1440-WQH-BLM

more, does not support Defendant's allegations as to the amount in controversy here."); *Serran v. Pac. Coast Feather Cushion Co.*, No. CV 17-4414-DMG (JEMx), 2017 WL 3720630, at *3 (C.D. Cal. Aug. 28, 2017) ("Defendants attempt to satisfy their burden by citing cases that supposedly had 'allegations similar to this one' ... [but] Defendants do not compare the allegations and circumstances of those cases with those of the instant matter. Thus, Defendants' citation to these cases does not satisfy their burden of showing the amount in controversy through evidence and argument." (citation omitted)).

This Court concludes that Defendant has not carried its burden of "prov[ing] that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence. . . . with summary-judgment-type evidence." *Fritsch*, 899 F.3d at 795 (quoting *Ingram*, 647 F.3d at 928). While Plaintiff's estimate of attorneys' fee amounting to $1.78 is unpersuasive because future attorneys' fees were not included in the calculation, Defendant has offered no evidence in support of its claim that attorneys' fees will amount to $1,000,000.00. Defendants have failed to "to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence." *Fritsch*, 899 F.3d at 795.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand to State Court (ECF No. 7) is GRANTED. This action is REMANDED to the Superior Court for the State of California, County of San Diego, where it was originally filed under case number 37-2019-00023035-CU-OE-CTL.

Dated: November 1, 2019

Hon. William Q. Hayes
United States District Court